BENBROOK LAW GROUP, PC
BRADLEY A. BENBROOK (SBN 177786)
STEPHEN M. DUVERNAY (SBN 250957)
400 Capitol Mall, Suite 1610
Sacramento, CA  95814
Telephone: (916) 447-4900
Facsimile:  (916) 447-4904
brad@benbrooklawgroup.com
steve@benbrooklawgroup.com

Attorneys for Plaintiffs

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ULISES GARCIA; JORDAN GALLINGER; BRIAN HILL; BROOKE HILL; CRAIG DeLUZ; SCOTT DIPMAN; ALBERT DUNCAN; TRACEY GRAHAM; LISA JANG; DENNIS SERBU; MICHAEL VEREDAS; FIREARMS POLICY FOUNDATION; FIREARMS POLICY COALITION; MADISON SOCIETY FOUNDATION; and THE CALGUNS FOUNDATION,<br><br>        Plaintiffs,<br><br>   v.<br><br>KAMALA D. HARRIS, in her official capacity as Attorney General of California,<br><br>        Defendant. | Case No.:<br><br>**COMPLAINT FOR DECLARATORY, INJUNCTIVE, OR OTHER RELIEF** |

Plaintiffs Ulises Garcia, Jordan Gallinger, Brian Hill, Brooke Hill, Craig DeLuz, Scott Dipman, Albert Duncan, Tracey Graham, Lisa Jang, Dennis Serbu, Michael Veredas, Firearms Policy Foundation, Firearms Policy Coalition, Madison Society Foundation, and The Calguns Foundation complain of Defendant and allege:

## INTRODUCTION

1. Plaintiffs bring this suit to challenge the constitutionality of California Penal Code section 626.9, subdivision (o), which exempts "honorably retired peace officers" from the Gun-Free School Zone Act's prohibition against possessing a firearm in a school zone. The purpose of the Gun-Free School Zone Act (the "Act") is, as the name demonstrates, to make schools "free" from guns, except in the case of individuals authorized to perform military, law enforcement, and contracted security duties. The Act exempts individuals employed as "peace officers," members of the military, private security guards, and others actually employed to provide statutorily authorized security or law-enforcement services.

2. Private citizens who possess a California license to carry a concealed weapon ("CCW")—issued only after passage of a rigorous background check, and only then on approval by the person's county sheriff or the chief of their municipal police department pursuant to California law—were previously exempt from the Act's prohibitions. But the California Legislature removed that exemption in 2015.

3. Despite this, the Act contains an extraordinarily broad exemption for "honorably retired peace officer[s] authorized to carry a concealed or loaded firearm" under separate provisions of the Penal Code. As shown below, this exemption spreads far beyond retired police officers and sheriff's deputies to cover a broadly defined group of "law enforcement" agents, including, for example, retired employees of the California Department of Fish and Game who enforced the California Fish and Game Code, and retired marshals appointed "to keep order and preserve peace at the California Exposition and State Fair." Cal. Penal Code §§ 830.2, 25450; Cal. Food & Agric. Code § 3332(j). The exemption is so broad that it even applies to retirees from "any federal law enforcement agency" authorized to carry a concealed weapon, regardless of whether they ever used a weapon in their pre-retirement duties. Thus, for instance, retired Internal

1. Revenue Service agents and other federal agents are exempt simply by virtue of retiring in California or working for the agency in California for more than a year. Cal. Penal Code § 25650(a).

4. In *Silveira v. Lockyer*, 312 F.3d 1052, 1088 (9th Cir. 2002), the Ninth Circuit struck down a provision exempting retired peace officers from the prohibitions of the California Assault Weapons Control Act when all other private citizens were subject to its prohibitions. The Ninth Circuit held that this unequal treatment violated the Equal Protection Clause of the Fourteenth Amendment to the Constitution, as there was no rational basis to treat retired peace officers differently than similarly situated members of the general public. 312 F.3d at 1089–92.

5. *Silveira*'s rationale applies with equal, if not greater, force here. Individual Plaintiffs are responsible, law-abiding citizens who also possess a license to carry a handgun for self-defense under California law and are statutorily required to maintain their background check and proficiency with firearms. *Silveira* establishes that an *active* peace officer's role *as a law enforcement agent* provides a rational basis for distinguishing between a duly sworn and authorized peace officer and a private citizen for the purpose of the carrying of firearms in otherwise proscribed areas such as school zones. Because retired officers are not authorized to engage in law enforcement activities any more than other private citizens, however, there is no rational reason to treat them differently than Plaintiffs.

6. The purpose of this lawsuit is not to engineer a restoration of the exemption to the Act for "mere" private citizens with a license to carry. Rather, the purpose is to obtain a ruling that the preferential treatment given to retired peace officers over similarly-situated private citizens violates the Equal Protection Clause. "The Equal Protection Clause of the Fourteenth Amendment commands that no State shall 'deny to any person within its jurisdiction the equal protection of the laws,' which is essentially a direction that all persons similarly situated should be treated alike." *City of Cleburne v. Cleburne Living Ctr.*, 473 U.S. 432, 439 (1985) (citation omitted).

7. Because Section 626.9(o)'s exemption violates the Equal Protection Clause, Plaintiffs seek declaratory and injunctive relief to invalidate it and enjoin its enforcement or application.

**JURISDICTION AND VENUE**

8.  This case raises questions under the Constitution of the United States and 42 U.S.C. § 1983 and this Court has jurisdiction over all claims for relief pursuant to 28 U.S.C. § 1331.

9.  Venue is proper under 28 U.S.C. § 1391(b).

**THE PARTIES**

10. Plaintiff Ulises Garcia, M.D. is a California resident who possesses a license to carry a concealed weapon issued by the Los Angeles County Sheriff's Department pursuant to California Penal Code section 26150, et seq. Dr. Garcia is a Board Certified Emergency Medicine specialist practicing in the San Fernando Valley of Southern California. Dr. Garcia is married and has three school-age children. He sought and obtained a carry license to protect himself and his family in response to multiple threats of violence from a former patient.

11. Plaintiff Jordan Gallinger is a California resident who possesses a license to carry a concealed weapon issued by the San Bernardino County Sheriff's Department pursuant to California Penal Code section 26150, et seq. Gallinger is a veteran of the United States Marine Corps who served in the war in Afghanistan and qualified as an expert in the Marine Corps Combat Marksmanship Program. He is currently enrolled as a full-time student at California State University, San Bernardino.

12. Plaintiffs Brian and Brooke Hill are California residents who each possess a license to carry a concealed weapon issued by the Ventura County Sheriff's Department pursuant to California Penal Code section 26150, et seq. The Hills have two school-age children, and both regularly carried concealed weapons at their children's respective schools before Senate Bill 707 went into effect on January 1, 2016.

13. Plaintiff Craig DeLuz is a California resident who possesses a license to carry a concealed weapon issued by the Sacramento County Sheriff's Department pursuant to California Penal Code section 26150, et seq. DeLuz serves as the President of the Robla School District Board of Trustees. He also serves as a coach for the cross country and track and field teams at Rio Linda High School.

///

14. Plaintiff Scott Dipman is a California resident who possesses a license to carry a concealed weapon issued by San Mateo County Sheriff's Department pursuant to California Penal Code section 26150, et seq. Dipman is the father of two school-age sons with special needs who must be accompanied to their classrooms each morning.

15. Plaintiff Albert Duncan is a California resident who possesses a license to carry a concealed weapon issued by San Joaquin County Sheriff's Department pursuant to California Penal Code section 26150, et seq. Duncan served as a flight medic in the United States Army, and currently works as a firefighter-paramedic for the Oakland Fire Department. Duncan has a school-age son.

16. Plaintiff Tracey Graham is a California resident who possesses a license to carry a concealed weapon issued by San Bernardino County Sheriff's Department pursuant to California Penal Code section 26150, et seq. Graham is a veteran of the United States Air Force. Graham's partner has school-age children.

17. Plaintiff Lisa Jang is a California resident who possesses a license to carry a concealed weapon issued by the Sacramento County Sheriff's Department pursuant to California Penal Code section 26150, et seq. Jang is currently enrolled as a full-time student at California State University, Sacramento. She obtained her carry license for personal protection, in response to multiple reports of crime on and near the campus, including armed robbery, rape, and sexual assault.

18. Plaintiff Dennis Serbu is a California resident who possesses a license to carry a concealed weapon issued by the Placer County Sheriff's Department pursuant to California Penal Code section 26150, et seq. Serbu is a veteran of the Vietnam war and served ten years as a reserve police officer for the Cottonwood, Arizona police department. Now retired, he has twelve grandchildren and is involved with their school activities.

19. Plaintiff Michael Veredas is a California resident who possesses a license to carry a concealed weapon issued by the Fresno County Sheriff's Department pursuant to California Penal Code section 26150, et seq. Veredas served as a hospital corpsman in the United States Navy and served three combat deployments with the United States Marine Corps before his honorable

discharge in 2005.  He has two children.

20. Plaintiff Firearms Policy Foundation ("FPF") is a non-profit organization that serves the public through charitable and educational purposes, with a focus on advancing constitutional rights with a particular focus on laws relating to firearms and affecting the fundamental right to keep and bear arms.  FPF believes Penal Code section 626.9(o) is unconstitutional.  Before SB 707 passed, the organization spent funds and resources to research the bill's constitutionality, educate the public about the bill, address its members' concerns and complaints about the bill, advocate to the Legislature against SB 707's passage, and urge the Governor's veto.  Many of FPF's members are CCW holders who have been directly affected by the change in the law, and FPF has spent funds and resources addressing its members' questions, concerns, and complaints about Penal Code section 626.9(o).

21. Plaintiff Firearms Policy Coalition ("FPC") is a non-profit organization that serves its members and the public through direct and grassroots advocacy, legal efforts, and education.  The purposes of FPC include defending the United States Constitution and the People's rights, privileges and immunities deeply rooted in the Nation's history and tradition, especially the fundamental right to keep and bear arms.  FPC believes Penal Code section 626.9(o) is unconstitutional.  Before SB 707 passed, the organization spent funds and resources to research the bill's constitutionality, educate the public about the bill, address its members' concerns and complaints about the bill, advocate to the Legislature against SB 707's passage, and urge the Governor's veto.  Many of FPC's members are CCW holders who have been directly affected by the change in the law, and FPC has spent funds and resources addressing its members' questions, concerns, and complaints about Penal Code section 626.9(o).

22. Plaintiff Madison Society Foundation is a membership-based non-profit organization whose purpose is preserving and protecting the legal and constitutional right to keep and bear arms for its members and all responsible law-abiding citizens.  The organization spends time and resources on outreach, education and training related to assisting its members—and the law-abiding public in general—in obtaining and maintaining licenses to carry firearms for self-defense and for other Second Amendment purposes.  The Madison Society believes Penal Code

section 626.9(o) is unconstitutional. Many of the organization's members are CCW holders who have been directly affected by the change in the law, and FPC has spent funds and resources addressing its members' questions, concerns, and complaints about SB 707 and Penal Code section 626.9(o).

23. Plaintiff The Calguns Foundation ("CGF") is a non-profit organization that serves its members, supporters, and the public through educational, cultural, and judicial efforts to advance Second Amendment and related civil rights. CGF believes Penal Code section 626.9(o) is unconstitutional. Before SB 707 passed, the organization spent funds and resources to research the bill's constitutionality, educate the public about the bill, address its members' concerns and complaints about the bill, and advocate to the Legislature against SB 707's passage. Many of CGF's members are CCW holders who have been directly affected by the change in the law, and CGF has spent funds and resources addressing its members' questions, concerns, and complaints about Penal Code section 626.9(o).

24. Defendant Kamala Harris is the Attorney General of the State of California. The Attorney General is the chief law enforcement officer of the state, and it is her duty to ensure that California's laws are uniformly and adequately enforced. Attorney General Harris is sued in her official capacity. The Attorney General maintains an office in Los Angeles.

**CALIFORNIA ALLOWS AN EXTREMELY BROAD GROUP OF RETIRED "PEACE OFFICERS" TO CARRY CONCEALED WEAPONS ON SCHOOL GROUNDS, BUT NOT OTHER, SIMILARLY SITUATED PRIVATE CITIZENS**

25. The Gun-Free School Zone Act of 1995, California Penal Code section 626.9, prohibits persons from possessing a firearm in a school zone, which is defined as "an area in, or on the grounds of, a public or private school providing instruction in kindergarten or grades 1 to 12, inclusive, or within a distance of 1,000 feet from the grounds of the public or private school." Penal Code § 626.9(e)(4). Violation of the Act is a misdemeanor or felony. *See id.*, subd. (f).

26. The Act contains an exemption for "duly appointed peace officer[s]" who remain in service. Penal Code § 626.9(l). The Act's prohibition likewise does not apply to a few classes of people who are licensed to carry a firearm as part of their professional duties so long as they are on

the job:
> [A] full-time paid peace officer of another state or the federal government who is carrying out official duties while in California, any person summoned by any of these officers to assist in making arrests or preserving the peace while he or she is actually engaged in assisting the officer, a member of the military forces of this state or of the United States who is engaged in the performance of his or her duties, or an armored vehicle guard, engaged in the performance of his or her duties, as defined in subdivision (d) of Section 7582.1 of the Business and Professions Code.

Penal Code § 626.9(l); *see also id.*, subd. (m) (exempting certain security guards authorized to carry a loaded firearm, while acting within the course and scope of their employment).

27. The purpose of the Gun-Free School Zone Act is, as the name demonstrates, to make schools "free" from guns, except in the case of peace officers and security personnel who are performing their duties.

28. Yet the Act also contains a sweeping exemption for "honorably retired peace officer[s] authorized to carry a concealed or loaded firearm" under several different Penal Code sections. *Id.*, subd. (o) (listing separate statutory authorizations).

29. As originally enacted, the Act contained a blanket exemption for <u>all</u> private citizens who are licensed to carry a concealed firearm pursuant to Penal Code section 26150. In 2015, the Legislature amended the statute to remove the exemption for carry licensees on school grounds, and it added a provision authorizing carry licensees to carry a firearm "within a distance of 1,000 feet from the grounds of the public or private school." Senate Bill 707 (2014–2015 Reg. Sess., Wolk). *See* Penal Code § 626.9(c)(5). While the Bill sought to eliminate both the CCW and retired law enforcement exemptions during its initial form, it was later amended to restore the retired "peace officer" exemption.

30. In *Silveira v. Lockyer*, the Ninth Circuit struck down a provision exempting retired peace officers from the prohibitions of the California Assault Weapons Control Act on Equal Protection grounds, holding that "the retired officers exception arbitrarily and unreasonably affords a privilege to one group of individuals that is denied to others . . . ." 312 F.3d at 1091. Rejecting the argument that "some peace officers receive more extensive training regarding the use of firearms than do members of the public," the Court stressed that this purported justification "bears no reasonable relationship to the stated legislative purpose of banning the possession and use of

assault weapons in California, except for certain law enforcement purposes." *Id*. Retired peace officers are, by definition, no longer engaging in law enforcement purposes—just like their fellow private citizens.

31. The California Attorney General reached a similar conclusion in 2010, when asked whether "a peace officer who purchases and registers an assault weapon in order to use the weapon for law enforcement purposes [would be] permitted to continue to possess [it] after retirement." Att'y Gen. Op. No. 09-901, 93 Ops. Cal. Atty. Gen. 130 (2010). Relying on *Silveira*, then-Attorney General Edmund G. Brown, Jr., explained why the answer was "No":

> *Silveira* teaches that it is the a [sic] peace officer's role *as a law enforcement agent* that provides a rational basis for distinguishing between a peace officer and a private citizen for purposes of possessing and using assault weapons. A retired officer is not authorized to engage in law enforcement activities.

*Id.* at *8 (emphasis in original).

32. Likewise, Section 626.9(o) arbitrarily and irrationally subjects Plaintiffs to unequal treatment in violation of the Equal Protection Clause of the Fourteenth Amendment to the Constitution.

33. Individual plaintiffs are responsible, law-abiding citizens who possess licenses to carry concealed weapons under California law. In order to obtain a carry license, Plaintiffs were required to demonstrate "good moral character," complete a firearms training course, and establish "good cause." Cal. Penal Code §§ 26150, 26155. In applying these standards, several counties have interpreted the "good cause" requirement to require that an applicant demonstrate an elevated need for self-defense due to a specific threats or previous attacks against them. The Los Angeles County Sheriff's Department Concealed Weapon Licensing Policy, for example, states:

> [G]ood cause shall exist only if there is convincing evidence of a clear <u>and present danger</u> to life, <u>or</u> of <u>great bodily harm</u> to the applicant, his spouse, or dependent child, which cannot be adequately dealt with by existing law enforcement resources, and which danger cannot be <u>reasonably avoided by alternative measures</u>, and which danger would be <u>significantly mitigated</u> by the applicant's carrying of a concealed firearm.

Los Angeles County Sheriff's Department, *Concealed Weapon Licensing Policy* at 2 (emphasis in original).

34. Retired "peace officers," by stark contrast, are not subject to these same screening requirements but rather appear to be eligible to carry firearms as a matter of course. California Penal Code section 25455, for instance, provides that retired California peace officers who *ever* carried a gun during their service "shall be issued an identification certificate by the law enforcement agency from which the officer retired" and "shall have an endorsement on the identification certificate stating that the issuing agency approves the officer's carrying of a concealed firearm." Cal. Penal Code § 25455(a), (c); *id*., § 25450(d). And the exemption under section 626.9(o) extends far beyond retired police officers and deputy sheriffs. It applies, for example, to:

- Retired employees of the Department of Fish and Game who enforced the Fish and Game Code (§ 830.2(e));
- Retired employees of the Department of Parks and Recreation who enforced the Public Resources Code (§ 830.2(f));
- Retired employees of the Department of Forestry and Fire Protection who enforced the Public Resources Code (§ 830.2(g)); and
- Retired marshals "appointed by the Board of Directors of the California Exposition and State Fair" whose primary duty was enforcing Section 3332 of the Food and Agricultural Code, which establishes the powers of the board of the State Fair (§ 830.2(i)).

These retirees need only re-apply every five years to their former agency to keep the special treatment, *id*. § 25465, and the former agency needs "good cause" to not renew it. *Id*. § 25470.

35. Similarly, and perhaps even more broadly, Section 626.9(o) exempts "any honorably retired federal officer or agent of any federal law enforcement agency" covered by Penal Code section 25650 (which exempts retired federal officers from the Penal Code's ban on carrying a concealed weapon), regardless of whether that retired federal officer or agent ever carried a gun in their federal "peace officer" duties. Cal. Penal Code § 25650(a). It is sufficient if the "officer or agent" was simply "assigned to duty within the state for a period of not less than one year" or "retired from active service in the state." *Id*. Under this exemption, a covered federal

officer simply provides their local sheriff or chief of police with their agency's "concurrence" that the retiree "should be afforded the privilege of carrying a concealed firearm." *Id.*, subd. (b). This exemption covers agents that include, but are not limited to, retired agents from the United States Customs Service or "any officer or agent of the Internal Revenue Service." *Id.*, § 25650(a).

36. The net result is that the Act bars law-abiding citizens who maintain a government-issued CCW from possessing a firearm "in or on" school grounds, but it grants a blanket exemption to a broadly defined group of retired "peace officers," none of whom have continuing authority to engage in "peace officer" activities: by definition, they are retired, they have returned to the ranks of private citizens, and they are no longer authorized to engage in law enforcement activities. *See Silveira*, 312 F.3d at 1090–92. They simply have potent political and lobbying operations that convinced the Legislature that retired "peace officers" should be granted favorable treatment over mere private citizens for the rest of their lives. There is no rational reason to treat them differently than Plaintiffs.

37. An actual and judicially cognizable controversy exists between Plaintiffs and Defendant regarding whether Section 626.9(o) violates the Equal Protection Clause. Plaintiffs desire a judicial declaration of their rights and Defendant's duties regarding the constitutionality and continued enforcement of the statute.

## CLAIM FOR RELIEF

## VIOLATION OF 42 U.S.C. § 1983 (EQUAL PROTECTION)

38. Plaintiffs incorporate here by reference paragraphs 1 through 37, *supra*, as if fully set forth herein.

39. Penal Code section 626.9(o) violates the Equal Protection Clause of the Fourteenth Amendment to the Constitution, both on its face and as applied to Plaintiffs.

40. Plaintiffs are responsible, law-abiding citizens who possess licenses to carry handguns for self-defense under California law. Because section 626.9(o)'s exemption irrationally favors a broad class of retired "peace officers" authorized to carry concealed weapons over Plaintiffs, it violates the Equal Protection Clause.

///

**PRAYER FOR RELIEF**

Wherefore, Plaintiffs pray for judgment as follows:

1. Plaintiffs respectfully request that this Court, pursuant to 28 U.S.C. § 2201, construe Penal Code section 626.9(o) and enter a declaratory judgment stating that it violates the Equal Protection Clause of the Fourteenth Amendment.

2. Plaintiffs respectfully request that this Court enter a preliminary and permanent injunction enjoining enforcement or application of Penal Code section 626.9(o).

3. Plaintiffs respectfully request costs of suit, including reasonable attorneys' fees under 42 U.S.C. § 1988 and any other applicable law, and all further relief to which Plaintiffs may be justly entitled.

Dated: April 14, 2016          BENBROOK LAW GROUP, PC


By /s Bradley A. Benrbook
   BRADLEY A. BENBROOK
   Attorneys for Plaintiffs