1  KAMALA D. HARRIS
   Attorney General of California
2  MARK R. BECKINGTON
   Supervising Deputy Attorney General
3  JOHN D. ECHEVERRIA
   Deputy Attorney General
4  State Bar No. 268843
    300 South Spring Street, Suite 1702
5   Los Angeles, CA  90013
    Telephone:  (213) 897-4902
6   Fax:  (213) 897-5775
    E-mail:  John.Echeverria@doj.ca.gov
7  *Attorneys for Defendant Kamala D. Harris,*
   *California Attorney General*
8

9            IN THE UNITED STATES DISTRICT COURT

10        FOR THE CENTRAL DISTRICT OF CALIFORNIA

11            WESTERN DIVISION (LOS ANGELES)

12

| | |
|---|---|
| 13 **ULISES GARCIA; JORDAN** | Case No.:  2:16-cv-02572-BRO-AFM |
| 14 **GALLINGER; BRIAN HILL;** | |
| **BROOKE HILL; CRAIG DeLUZ;** | **NOTICE OF MOTION AND** |
| 15 **SCOTT DIPMAN; ALBERT** | **MOTION TO DISMISS** |
| **DUNCAN; TRACEY GRAHAM;** | **COMPLAINT BY CALIFORNIA** |
| 16 **LISA JANG; DENNIS SERBU;** | **ATTORNEY GENERAL KAMALA** |
| **MICHAEL VEREDAS; FIREARMS** | **D. HARRIS; MEMORANDUM OF** |
| 17 **POLICY FOUNDATION;** | **POINTS AND AUTHORITIES IN** |
| **FIREARMS POLICY COALITION;** | **SUPPORT OF MOTION TO** |
| 18 **MADISON SOCIETY** | **DISMISS** |
| **FOUNDATION; and THE** | |
| 19 **CALGUNS FOUNDATION,** | Date:        August 8, 2016 |
| | Time:        1:30 p.m. |
| 20                    Plaintiffs, | Courtroom:  14 |
| | Judge:       The Honorable Beverly |
| 21       **v.** | Reid O'Connell |
| | Acton Filed:   April 14, 2016 |
| 22 | |
| **KAMALA D. HARRIS, in her official** | |
| 23 **capacity as Attorney General of** | |
| **California,** | |
| 24 | |
|                    Defendant. | |
| 25 | |

26

27

28

PLEASE TAKE NOTICE that, at 1:30 p.m. on August 8, 2016, or as soon thereafter as the matter may be heard in the above-entitled Court, Defendant California Attorney General Kamala D. Harris (the "Attorney General") will and presently does move this Court to dismiss the complaint filed by Plaintiffs Ulises Garcia, Jordan Gallinger, Brian Hill, Brooke Hill, Craig DeLuz, Scott Dipman, Albert Duncan, Tracey Graham, Lisa Jang, Dennis Serbu, Michael Veredas, Firearms Policy Foundation, Firearms Policy Coalition, Madison Society Foundation and The Calguns Foundation (collectively, "Plaintiffs").  The hearing on this motion will be heard by the Honorable United States District Judge Beverly Reid O'Connell in Courtroom 14 of the United States District Court, Central District of California, Western Division, located at 312 North Spring Street in the City of Los Angeles, California.

This motion is brought pursuant to Rules 12(b)(6) and 12(b)(1) of the Federal Rules of Civil Procedure on the grounds that:

(1) Plaintiffs fail, as a matter of law, to state a claim upon which relief can be granted; and

(2) Plaintiffs Firearms Policy Foundation, Firearms Policy Coalition, Madison Society Foundation and The Calguns Foundation lack standing under Article III of the United States Constitution to proceed with their claims.

This motion to dismiss is based upon the instant Notice of Motion, the accompanying Memorandum of Points and Authorities in support of the motion to dismiss, the Request for Judicial Notice, filed concurrently herewith, and the pleadings and papers filed in this action.

This motion is made following the conference of counsel pursuant to Local Rule 7-3, which was conducted by telephone on June 2, 2016.

1

2

Dated:  June 10, 2016

Respectfully submitted,

3

KAMALA D. HARRIS
Attorney General of California

4

MARK R. BECKINGTON
Supervising Deputy Attorney General

5

6

/s/ John D. Echeverria

7

JOHN D. ECHEVERRIA
Deputy Attorney General

8

*Attorneys for Defendant Kamala D.*
*Harris, California Attorney General*

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# TABLE OF CONTENTS

**Page**

INTRODUCTION .................................................................................................. 1

BACKGROUND .................................................................................................... 3

I.      Overview of the Gun-Free School Zone Act of 1995 .......................... 3

        A.     The Pre-Amendment Version of the Act ................................. 3

        B.     The 2015 Amendment ............................................................ 5

II.     Allegations in Plaintiffs' Complaint ..................................................... 7

LEGAL STANDARD .............................................................................................. 8

ARGUMENT ...................................................................................................... 10

I.      The Retired Officer Exemption Does Not Violate the Equal
        Protection Clause. ............................................................................. 10

        A.     Plaintiffs Fail to Identify a Class of Individuals Who Are
               Similarly Situated to Honorably Retired Peace Officers. ....... 10

        B.     Plaintiffs Cannot Demonstrate that the Retired Officer
               Exemption Fails Rational Basis Scrutiny. ............................. 12

II.     The Organizational Plaintiffs Lack Standing..................................... 18

CONCLUSION ................................................................................................... 21

1

## TABLE OF AUTHORITIES

2

**Page**

3  CASES

4
5  *Alva v. Lockyer*
   220 Fed. App'x 621 (9th Cir. 2007)................................................................15

6
7  *Anderson v. Holder*
   673 F.3d 1089 (9th Cir. 2012).........................................................................5

8
9  *Ashcroft v. Iqbal*
   556 U.S. 662 (2009) .....................................................................................8, 9

10
11 *Bell Atl. Corp. v. Twombly*
   550 U.S. 544 (2007) .....................................................................................8, 9

12 *District of Columbia v. Heller*
   554 U.S. 570 (2008) ............................................................................6, 13, 14

13
14 *Cetacean Cmty. v. Bush*
   386 F.3d 1169 (9th Cir. 2004).........................................................................9

15
16 *Chandler v. State Farm Mut. Auto. Ins. Co.*
   598 F.3d 1115 (9th Cir. 2010).........................................................................9

17
18 *City of Cleburne, Texas v. Cleburne Living Ctr.*
   473 U.S. 432 (1985) .................................................................................10, 14

19
20 *Doe v. United States*
   58 F.3d 494 (9th Cir. 1995).............................................................................9

21
22 *Edwards v. Ollison*
   621 F. Supp. 2d 863(C.D. Cal. 2008).............................................................10

23 *Fair Hous. Council of San Fernando Valley v. Roomate.com, LLC*
   666 F.3d 1216 (9th Cir. 2012).......................................................................18

24
25 *Freeman v. City of Santa Ana*
   68 F.3d 1180 (9th Cir. 1995).........................................................................10

26
27 *Friends of the Earth, Inc. v. Laidlaw Envtl. Serv. (TOC), Inc.*
   528 U.S. 167 (2000) .......................................................................................18

28

# TABLE OF AUTHORITIES
## (continued)

**Page**

*Hall* v. *Garcia*
2011 WL 995933 (N.D. Cal. Mar. 17, 2011) ....................................................... 14

*Heller v. Doe*
509 U.S. 312 (1993) .............................................................................................. 14

*Idaho Farm Bureau Fed'n v. Babbitt*
900 F. Supp. 1349 (D. Idaho 1995) ...................................................................... 20

*Jackson v. Carey*
353 F.3d 750 (9th Cir. 2003) .................................................................................. 9

*Kokkonen v. Guardian Life Ins. Co. of Am.*
511 U.S. 375 (1994) ............................................................................................... 9

*McDonald v. City of Chi., Ill.*
561 U.S. 742 (2010) ............................................................................................. 13

*Mehl v. Blanas*
No. CIV. S 03-2682 MCE KJM, slip op.
(E.D. Cal. Sept. 3, 2004) ..................................................................15, 16, 17, 18

*Nichols v. Brown*
2013 WL 3368922 (C.D. Cal. July 3, 2013) ................................................. 12, 15

*Nordlinger v. Hahn*
505 U.S. 1 (1992) ................................................................................................. 15

*Nordyke v. King*
681 F.3d 1041 (9th Cir. 2012) .......................................................................... 2, 12

*Orin v. Barclay*
272 F.3d 1207 (9th Cir. 2001) .............................................................................. 14

*Pac. Nw. Generating Co-Op v. Brown*
38 F.3d 1058 (9th Cir. 1994) ............................................................................... 20

*People v. Mejia*
72 Cal. App. 4th 1269 (1999) ................................................................................ 3

1
2

## TABLE OF AUTHORITIES
### (continued)

**Page**

3
4

*People v. Tapia*
    129 Cal. App. 4th 1153 (2005) ................................................................. 3

5
6

*Peruta v. Cnty. of San Diego*
    No. 10-56971, slip op. (9th Cir. June 9, 2016) .................................. 13

7
8

*Phillips Chem. Co. v. Dumas Sch. Dist.*
    361 U.S. 376 (1960) ............................................................................ 16

9
10

*Ranchers Cattlemen Action Legal Fund United Stockgrowers of Am. v.*
    *U.S. Dep't of Agric.*
    415 F.3d 1078 (9th Cir. 2005) ....................................................... 18, 20

11
12

*Robinson v. Marshall*
    66 F.3d 249 (9th Cir. 1995) ............................................................... 10

13
14

*Romer v. Evans*
    517 U.S. 620 (1996) ........................................................................ 3, 12

15
16

*Rosenbaum v. City and Cnty. of San Francisco*
    484 F.3d 1142 (9th Cir. 2007) ........................................................... 11

17

*Safe Air for Everyone v. Meyer*
    373 F.3d 1035 (9th Cir. 2004) ............................................................. 9

18
19

*Silveira v. Lockyer*
    312 F.3d 1052 (9th Cir. 2002) .................................................... *passim*

20
21

*Teixeira v. Cnty. of Alameda*
    2016 WL 2849245 (9th Cir. May 16, 2016) ............................. 3, 12, 14

22
23

*United States v. Aguilar*
    883 F.2d 662 (9th Cir. 1989) ............................................................. 11

24
25

*United States v. Harding*
    971 F.2d 410 (9th Cir. 1992) ............................................................. 10

26
27

*United States v. Lewis*,
    2008 WL 5412013 (D.V.I. Dec. 24, 2008) ....................................... 14

28

# TABLE OF AUTHORITIES
## (continued)

Page

*United States v. Thornton*
   901 F.2d 738 (9th Cir. 1990) .................................................................. 16

*Valle del Sol Inc. v. Whiting*
   732 F.3d 1006 (9th Cir. 2013) ................................................................ 18

*Vance v. Bradley*
   440 U.S. 93,108 (1979) .......................................................................... 16

*Watison v. Carter*
   668 F.3d 1108 (9th Cir. 2012) .................................................................. 9

**STATUTES**

28 U.S.C. § 2201 ......................................................................................... 8
42 U.S.C. § 1983 ......................................................................................... 7

Cal. Penal Code
   § 626.9 (b) ........................................................................ 1, 3, 13, 17
   § 626.9 (c) (3) ................................................................................ 17
   § 626.9 (c) (5) .................................................................................. 2
   § 626.9 (e) (1) .................................................................................. 4
   § 626.9 (h) .................................................................................. 1, 4
   § 626.9 (i) ................................................................................... 1, 4
   § 626.9 (l) ................................................................................... 1, 4
   § 626.9 (o) ........................................................................... 1, 12, 13
   § 626.9 (o) (1)-(4) ............................................................................ 4
   § 626.9 (o) (5) .................................................................................. 6
   § 12280 (h) ..................................................................................... 16
   § 12280 (i) ..................................................................................... 16
   § 25400 ........................................................................................... 4
   § 25455 ........................................................................................ 4, 7
   § 25450 ........................................................................................... 4
   § 25450 (d) ...................................................................................... 7
   § 25455 (a) ...................................................................................... 7
   § 25455 (c) ...................................................................................... 7
   § 25465 ........................................................................................... 8
   § 25470 ........................................................................................... 8
   § 25650 ........................................................................................ 4, 8

# TABLE OF AUTHORITIES
## (continued)

**Page**

§ 25650 (a) ........................................................................................... 1
§ 25650 (b) ........................................................................................... 1
§ 25850 ................................................................................................ 4
§ 25900 ................................................................................................ 4
§ 25910 ................................................................................................ 4
§ 26020 ................................................................................................ 4
§ 26150. ............................................................................................... 4
§ 26300 (c) (2) ..................................................................................... 6
§ 26310 ................................................................................................ 7

## CONSTITUTIONAL PROVISIONS

U.S. Const. art. III ............................................................................... 9
U.S. Const. amend. XIV, § 1 ............................................................. 10

## COURT RULES

Federal Rules of Civil Procedure
    Rule 12(b)(1) .......................................................... 1, 9, 3, 18
    Rule 12(b)(6) .............................................................. 1, 3, 8

Federal Rules of Evidence
    Rule 201 ............................................................................ 5

1    Defendant California Attorney General Kamala D. Harris (the "Attorney
2  General") respectfully submits the following memorandum of points and authorities
3  in support of her motion, pursuant to Rules 12(b)(6) and 12(b)(1) of the Federal
4  Rules of Civil Procedure ("FRCP"), to dismiss the complaint (the "Complaint"
5  (Dkt. No. 1)), filed on April 14, 2016 by Plaintiffs Ulises Garcia, Jordan Gallinger,
6  Brian Hill, Brooke Hill, Craig DeLuz, Scott Dipman, Albert Duncan, Tracey
7  Graham, Lisa Jang, Dennis Serbu, Michael Veredas, Firearms Policy Foundation,
8  Firearms Policy Coalition, Madison Society Foundation and The Calguns
9  Foundation (collectively, "Plaintiffs").[1]

10                          **INTRODUCTION**

11    The Gun-Free School Zone Act of 1995 (the "Act") generally prohibits any
12  person from knowingly possessing a firearm on or within 1,000 feet of a public or
13  private school without the prior written permission of the school district
14  superintendent.  Cal. Penal Code § 626.9(b) (2016).[2]  The Act also prohibits any
15  person from possessing a firearm on certain property of a college or university,
16  without the prior written permission of the college or university president.  Cal.
17  Penal Code. §§ 626.9(h), (i).

18    Prior to January 1, 2016, the Act provided exemptions for, *inter alia*, (i) any
19  person licensed to carry a concealed weapon ("CCW"), Cal. Penal Code § 626.9(l)
20  (2012), and (ii) any "honorably retired peace officer authorized to carry a concealed
21  or loaded firearm" (the "Retired Officer Exemption"), *id.* § 626.9(o) (2012).  In
22  2015, the California Legislature passed Senate Bill 707 ("SB 707"), which

23

24    ───────────────
      [1] Plaintiffs Ulises Garcia, Jordan Gallinger, Brian Hill, Brooke Hill, Craig
25  DeLuz, Scott Dipman, Albert Duncan, Tracey Graham, Lisa Jang, Dennis Serbu
    and Michael Veredas will be referred to as the "Individual Plaintiffs," and Plaintiffs
26  Firearms Policy Foundation, Firearms Policy Coalition, Madison Society
    Foundation and The Calguns Foundation will be referred to as the "Organizational
    Plaintiffs."
27    [2] Unless otherwise noted, citation to the Act will be to the current version of
28  the statute, effective January 1, 2016.

                                    1

1   modified the exemption for CCW license holders to permit them to possess a
2   firearm within 1,000 feet of a school, provided they are not "in, or on the grounds"
3   of, the school.  Cal. Penal Code § 626.9(c)(5).  While the initial version of SB 707
4   also proposed removing the Retired Officer Exemption, the final version of the bill
5   preserved the exemption.  (Compl. ¶ 29.)

6        In their only cause of action against the Attorney General, Plaintiffs contend
7   that the Retired Officer Exemption—both facially and as applied—violates the
8   Equal Protection Clause of the Fourteenth Amendment by "irrationally favor[ing] a
9   broad class of retired 'peace officers' authorized to carry concealed weapons over
10  Plaintiffs." (Compl. ¶ 40.)  Plaintiffs seek "declaratory and injunctive relief to
11  invalidate [the Retired Officer Exemption] and enjoin its enforcement or
12  application." (*Id.* ¶ 7; *see also id.* at 11:3-7 (Prayer for Relief).)  Plaintiffs' equal
13  protection claim is unusual in that Plaintiffs do not contend that they are entitled to
14  carry firearms on school grounds; rather, Plaintiffs seek to deprive honorably
15  retired peace officers of that privilege by eliminating the Retired Officer Exemption.
16  For the reasons discussed below, Plaintiffs fail to state an equal protection claim
17  and, even if they could, the Organizational Plaintiffs lack standing.

18       *First*, the Retired Officer Exemption does not in any way violate the Equal
19  Protection Clause.  Even if Plaintiffs satisfied their threshold burden of identifying
20  a class of individuals who are similarly situated to honorably retired peace officers
21  (and they have not), rational basis scrutiny applies to their equal protection claim, a
22  forgiving standard that the Retired Officer Exemption meets.  Even though the
23  Second Amendment protects a fundamental right to keep and bear arms, Plaintiffs
24  do not (and cannot) allege that the Act violates the Second Amendment or employs
25  a suspect classification.  Thus, rational basis scrutiny applies to the Act and its
26  exemptions.  *See Nordyke v. King*, 681 F.3d 1041, 1043 n.2 (9th Cir. 2012) ("As to
27  the [plaintiffs'] equal protection claim, because the ordinance does not classify
28  shows or events on the basis of a suspect class, and *because we hold that the*

2

*ordinance does not violate either the First or Second Amendments*, rational basis scrutiny applies." (citations omitted and emphasis added)); *Teixeira v. Cnty. of Alameda*, __ F.3d __, 2016 WL 2849245, at *3 (9th Cir. May 16, 2016) ("[W]e will uphold a legislative classification so long as it 'neither burdens a fundamental right nor targets a suspect class,' and 'bears a rational relation to some legitimate end.'" (quoting *Romer v. Evans*, 517 U.S. 620, 631 (1996))).  The Retired Officer Exemption is reasonably related to the goal of protecting retired peace officers, which is a legitimate government purpose.

*Second*, even if Plaintiffs could conceivably state an equal protection claim (and they cannot), the four Organizational Plaintiffs lack standing because the Fourteenth Amendment interest at issue in this case is not germane to the Organizational Plaintiffs' alleged purpose of protecting and promoting Second Amendment rights.

Accordingly, pursuant to FRCP 12(b)(6) and 12(b)(1), the Court should dismiss the Complaint.  Because the Retired Officer Exemption satisfies rational basis scrutiny, leave to amend would be futile and such dismissal should be with prejudice and without leave to amend.

## BACKGROUND

### I.   OVERVIEW OF THE GUN-FREE SCHOOL ZONE ACT OF 1995

#### A.   The Pre-Amendment Version of the Act

The California Legislature enacted the Gun-Free School Zone Act of 1995 to prohibit the possession of "a firearm in a place that the person knows, or reasonably should know, is a school zone . . ., unless it is with the written permission of the school district superintendent, his or her designee, or equivalent school authority." Cal. Penal Code § 626.9(b); *People v. Mejia*, 72 Cal. App. 4th 1269, 1271-72 (1999); *People v. Tapia*, 129 Cal. App. 4th 1153, 1163 (2005).  The Act defines "school zone" as "an area in, or on the grounds of, a public or private school providing instruction in kindergarten or grades 1 to 12, inclusive, or within a

3

distance of 1,000 feet from the grounds of the public or private school." Cal. Penal Code § 626.9(e)(1). The Act also prohibits the possession of a firearm on certain property owned and operated by a public or private university, unless "it is with the written permission of the university or college president, his or her designee, or equivalent university or college authority." *Id.* § 626.9(h), (i).

Prior to the 2015 amendment, the Act carved out several exemptions, including an exemption for "a[ny] person holding a valid license to carry the firearm pursuant to [California Penal Code section 26150 *et seq.*]" (*i.e.*, CCW license holders). Cal. Penal Code § 626.9(l) (2012). The Act also recognized an exemption for "an[y] honorably retired peace officer," provided the retired peace officer is authorized to carry a firearm pursuant to one of the following statutory grants of authority:

(1)  "Article 2 (commencing with Section 25450) of Chapter 2 of Division 5 of Title 4 of Part 6" exempting active and honorably retired state peace officers from the concealed weapon ban in California Penal Code section 25400 subject to certain conditions set forth in section 25455;

(2)  "Section 25650" exempting honorably retired federal officers from the concealed weapon ban in California Penal Code section 25400 subject to certain conditions;

(3)  "Section 25900 to 25910, inclusive" exempting active and honorably retired state peace officers from the ban on carrying a loaded firearm in public in California Penal Code section 25850 subject to certain conditions; and

(4)  "Section 26020" exempting honorably retired federal officers from the ban on carrying a loaded firearm in public in California Penal Code section 25850 subject to certain conditions. *Id.* § 626.9(o)(1)-(4) (2012).

4

1

**B.   The 2015 Amendment**

In 2015, the Legislature passed SB 707 to amend the Act.  As initially proposed, SB 707 would have eliminated the exemptions for CCW license holders and honorably retired peace officers, while permitting them to possess firearms within 1,000 feet of, but not on the grounds of, a school.  *See* S. Comm. on Pub. Safety, Analysis of SB 707 (2014-2015 Reg. Sess.), Apr. 14, 2015, at 1 (the "April 14 Committee Analysis").[3]

The California College and University Police Chiefs Association initially opposed the legislation on the ground that the removal of the Retired Officer Exemption would undermine public safety:  "[W]e consider the presence of an honorably retired peace officer—with their decades of training and professionalism—to be a distinct asset in our ability to carry out our mission.  The sad reality is that active shooter incidents take place disproportionately on our campuses and an honorably retired peace officer can play a role in helping to keep such incidents in check."  (Request for Judicial Notice, Ex. A (April 14 Committee Analysis) at 6.)

The Sacramento County Sheriff's Association also initially opposed the legislation, arguing that the removal of the Retired Officer Exemption would jeopardize the personal safety of retired peace officers:

> SB 707 would make criminals out of our retired peace officer members who
> visit a school campus. . . . Retired peace officers protected and served the
> public while earning the enmity of those in society who ran afoul of the law.
> Retired officers carry their weapons as a means of personal protection.

---

[3] A copy of the April 14 Committee Analysis is annexed as Exhibit A to the Request for Judicial Notice, filed concurrently herewith.  As discussed in the Request for Judicial Notice, the Court may properly take judicial notice of the legislative history of SB 707 because, under Rule 201 of the Federal Rules of Evidence, such materials are not subject to reasonable dispute.  *See Anderson v. Holder*, 673 F.3d 1089, 1094 n.1 (9th Cir. 2012).

1
2
3
4
5
6
7

> Recent attacks demonstrate the need for peace officers—even retired peace officers—to be able to defend themselves if necessary. [¶] Forcing our retired members to choose between picking up their children or grandchildren form [sic] school or attending school events and ensuring their own ability to protect themselves or their loved ones is a decision they should not be required to make. Neither should retired officers be forced to jeopardize their safety in order to take college classes.

8  (Request for Judicial Notice, Ex. A (April 14 Committee Analysis) at 7-8.)

9       On July 2, 2015, SB 707 was amended to preserve the Retired Officer
10  Exemption.[4]  *See* S. Comm. on Pub. Safety, Analysis of SB 707 (2014-2015 Reg.
11  Sess.), July 14, 2015, at 5 (the "July 14 Committee Analysis").[5]  The California
12  College and University Police Chiefs Association and the Sacramento Deputy
13  Sheriffs' Association withdrew their opposition and registered support for the
14  legislation. *See id.* at 7-8.  Opponents of the legislation, however, took issue with
15  the preservation of the Retired Officer Exemption, including at least one of the
16  Organizational Plaintiffs named in this action.  The Firearms Policy Coalition
17  argued that SB 707, as amended, violated the Equal Protection Clause of the
18  Fourteenth Amendment, citing *Silveira v. Lockyer*, 312 F.3d 1052 (9th Cir. 2002),
19  *abrogated on other grounds by District of Columbia v. Heller*, 554 U.S. 570 (2008).
20  *Id.* at 5.  The legislation was approved by the Governor on October 10, 2015 and
21  took effect on January 1, 2016.

22
23
24
25
26
27
28

---

[4] The amendment also added a fifth statutory grant of authority for retired peace officers to qualify for the Retired Officer Exemption.  *See* Cal. Penal Code § 626.9(o)(5) (exempting retired reserve officers authorized to carry concealed and loaded firearms pursuant to Penal Code section 26300(c)(2)).

[5] A copy of the July 14 Committee Analysis is annexed as Exhibit B to the Request for Judicial Notice, filed concurrently herewith.

## II.   ALLEGATIONS IN PLAINTIFFS' COMPLAINT

On April 14, 2016, Plaintiffs filed their Complaint, pursuant to 42 U.S.C. § 1983, asserting a single equal protection claim.  The Individual Plaintiffs are alleged to be "responsible, law-abiding citizens who possess licenses to carry concealed weapons under California law." (Compl. ¶ 33.)  In order to obtain their CCW licenses, the Individual Plaintiffs were allegedly required to "demonstrate 'good moral character,' complete a firearms training course, and establish 'good cause.'" (*Id.*)  Plaintiffs allege that "several counties have interpreted the 'good cause' requirement to require that an applicant demonstrate an elevated need for self-defense due to a [sic] specific threats or previous attacks against them." (*Id.*)[6] Plaintiffs contend that retired peace officers "are not subject to the same screening requirements but rather appear to be eligible to carry firearms as a matter of course." (*Id.* ¶ 34.)

Plaintiffs go on to allege that, under California Penal Code section 25455, "retired California peace officers who *ever* carried a gun during their service 'shall be issued an identification certificate by the law enforcement agency from which the officer retired' and 'shall have an endorsement on the identification certificate stating that the issuing agency approves the officer's carrying of a concealed firearm.'" (Compl. ¶ 34 (quoting Cal. Penal Code §§ 25455(a), (c); *id.* § 25450(d).)[7] Plaintiffs note that retired peace officers must reapply every five years and that the issuing agency may decline to renew the officer's privilege to

---

[6] The Individual Plaintiffs allegedly obtained their CCW licenses from various sheriffs departments throughout the State of California. (*See* Compl. ¶¶ 10-19.)  Plaintiffs do not allege what "good cause" each of the Individual Plaintiffs were required to demonstrate in connection with their applications.

[7] While Plaintiffs' allegations may suggest that eligibility to carry a concealed firearm is automatic, the issuing agency may deny issuance of an identification certificate or endorsement, subject to review at a hearing.  Cal. Penal Code § 26310.

1  carry a concealed firearm upon a finding of "good cause."  (*Id.* (citing Cal. Penal

2  Code §§ 25465, 25470).)

3      Plaintiffs also allege that, "perhaps even more broadly" than the exemption for

4  retired state peace officers, the Retired Officer Exemption applies to honorably

5  retired federal officers and agents who were "simply 'assigned to duty within the

6  state for a period of not less than one year' or 'retired from active service in the

7  state'" and that such an officer "simply provides their local sheriff or chief of police

8  with their [federal] agency's 'concurrence' that the retiree 'should be afforded the

9  privilege of carrying a concealed firearm.'"  (Compl. ¶ 35 (quoting Cal. Penal Code

10 § 25650).)[8]

11      Plaintiffs allege that the "net result is that the Act bars law-abiding citizens

12 who maintain a government-issued CCW from possessing a firearm 'in or on'

13 school grounds, but it grants a blanket exemption to a broadly defined group of

14 retired 'peace officers,' none of whom have continuing authority to engage in

15 'peace officer' activities."  (Compl. ¶ 36.)  Plaintiffs pray for, *inter alia*, (i) a

16 declaratory judgment pursuant to 28 U.S.C. § 2201 stating that the Retired Officer

17 Exemption violates the Equal Protection Clause, and (ii) a preliminary and

18 permanent injunction enjoining enforcement of the Retired Officer Exemption.  (*Id.*

19 at 11:1-10 (Prayer for Relief).)

20                              **LEGAL STANDARD**

21      A motion to dismiss pursuant to FRCP 12(b)(6) tests the legal sufficiency of a

22 complaint.  "To survive a motion to dismiss, a complaint must contain sufficient

23 factual matter, accepted as true, to 'state a claim that is plausible on its face.'"

24 *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*,

25

26      [8] Again, honorably retired federal officers and agents are not automatically
    exempt from the CCW permitting requirements; the sheriff must approve such an

27 officer's application for a CCW permit and the retired federal officer must reapply
    every five years.  Cal. Penal Code §§ 25650(a), (b).

28

                                        8

550 U.S. 544, 570 (2007)).  A complaint "that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do," *id.* at 678 (quoting *Twombly*, 550 U.S. at 555), and "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice," *id.* at 678.  Rather, a plaintiff's factual allegations must nudge the claims in the complaint "across the line from conceivable to plausible." *Twombly*, 550 U.S. at 570. Determining whether a complaint states a plausible claim for relief is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 679.

A motion to dismiss pursuant to FRCP 12(b)(1) for lack of subject matter jurisdiction may properly raise the issue of standing.  *Chandler v. State Farm Mut. Auto. Ins. Co.*, 598 F.3d 1115, 1122 (9th Cir. 2010).  Under Article III of the United States Constitution, a suit brought by a plaintiff who lacks standing is not a "case or controversy" over which a federal court can have subject matter jurisdiction. *Cetacean Cmty. v. Bush*, 386 F.3d 1169, 1174 (9th Cir. 2004).  A motion to dismiss under FRCP 12(b)(1) may be either facial or factual.  *Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004).  "In a facial attack, the challenger asserts that the allegations contained in a complaint are insufficient on their face to invoke federal jurisdiction." *Id.*  The party asserting jurisdiction bears the burden of establishing subject matter jurisdiction on a Rule 12(b)(1) motion to dismiss. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994).

Dismissal without leave to amend is appropriate when the deficiencies in the complaint could not be cured by amendment.  *Jackson v. Carey*, 353 F.3d 750, 758 (9th Cir. 2003); *see also Watison v. Carter*, 668 F.3d 1108, 1117 (9th Cir. 2012) (dismissal with prejudice is appropriate if the district court "determines that the pleading could not possibly be cured by the allegation of other facts" (quoting *Doe v. United States*, 58 F.3d 494, 497 (9th Cir. 1995))).

1

**ARGUMENT**

2

**I.    THE RETIRED OFFICER EXEMPTION DOES NOT VIOLATE THE EQUAL PROTECTION CLAUSE.**

3

4

Under the Equal Protection Clause of the Fourteenth Amendment, no state

5

shall "deny to any person within its jurisdiction the equal protection of the laws,"

6

U.S. Const. amend. XIV, § 1, which is "essentially a directive that all persons

similarly situated should be treated alike," *City of Cleburne, Texas v. Cleburne*

7

*Living Ctr.*, 473 U.S. 432, 440 (1985).  "Where a statutory challenge is based on

8

equal protection grounds, the general rule is that legislation is presumed to be valid

9

and will be sustained if the classification drawn by the statute is rationally related to

10

a legitimate government interest."  *Edwards v. Ollison*, 621 F. Supp. 2d 863,

11

875(C.D. Cal. 2008) (citing *City of Cleburne*, 473 U.S. at 440, *Robinson v.*

12

*Marshall*, 66 F.3d 249, 251 (9th Cir. 1995), and *United States v. Harding*, 971 F.2d

13

410, 412 (9th Cir. 1992)).

14

**A.    Plaintiffs Fail to Identify a Class of Individuals Who Are Similarly Situated to Honorably Retired Peace Officers.**

15

16

"'The first step in equal protection analysis is to identify the [government's]

17

classification of groups'" and, "[o]nce the plaintiff establishes governmental

18

classification, it is necessary to identify a 'similarly situated' class against which

19

the plaintiff's class can be compared." *Freeman v. City of Santa Ana*, 68 F.3d 1180,

20

1187 (9th Cir. 1995) (citation omitted); *see also Silveira*, 312 F.3d at 1088 ("[I]n

21

order for a state action to trigger equal protection review at all, that action must

22

treat similarly situated persons disparately." (citing *City of Cleburne*, 473 U.S. at

23

439)).  As a preliminary matter, Plaintiffs do not allege that the Individual Plaintiffs

24

(or any broader class of CCW license holders) are similarly situated to honorably

25

retired peace officers covered by the Retired Officer Exemption.

26

In their Complaint, Plaintiffs do not define the parameters or characteristics of

27

any similarly situated "control group" against which retired peace officers can be

28

compared.  *See Freeman*, 68 F.3d at 1187 ("The similarly situated group is the

control group." (quoting *United States v. Aguilar*, 883 F.2d 662, 706 (9th Cir. 1989))).  Plaintiffs allege that the Retired Officer Exemption "irrationally favors" honorably retired peace officers "over Plaintiffs" (Compl. ¶ 40), which suggests that Plaintiffs' proposed control group consists of at least the ten Individual Plaintiffs named in the Complaint.  Plaintiffs also suggest that their control group does not include *all* CCW license holders, as the "purpose of [their] lawsuit is not to engineer a restoration of the exemption for 'mere' private citizens with a license to carry."  (*Id.* ¶ 6.)  It is unclear, however, whether Plaintiffs' control group includes other CCW license holders beyond the Individual Plaintiffs and, if so, what additional characteristics, beyond the mere possession of a CCW license, are shared by the individuals in such a group.  *See Rosenbaum v. City and Cnty. of San Francisco*, 484 F.3d 1142, 1154 (9th Cir. 2007) (plaintiffs' "undifferentiated control group" "was not comparable because these groups were not similarly situated because of their varying characteristics").[9]

Even if Plaintiffs could define a control group, Plaintiffs do not allege sufficient facts to establish—or even a conclusory allegation—that their proposed group is "similarly situated" to retired peace officers covered by the Retired Officer Exemption.  Because Plaintiffs have failed to identify a similarly situated class of individuals to compare against honorably retired peace officers covered by the Retired Officer Exemption, Plaintiffs have failed to meet their threshold burden in attempting to state an equal protection claim.

---

[9] The various characteristics alleged with respect to the Individual Plaintiffs—prior threats or reports of violence (Compl. ¶¶ 10, 17), military service (*id.* ¶¶ 11, 15, 16, 18, 19), being a parent or grandparent of a school-age child (*id.* ¶¶ 10, 12, 14, 15, 16, 18), participation in school activities (*id.* ¶¶ 13, 18), and attendance at a college or university (*id.* ¶¶ 11, 17)—provide little guidance in defining the contours of Plaintiffs' control group.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**B.    Plaintiffs Cannot Demonstrate that the Retired Officer Exemption Fails Rational Basis Scrutiny.**

Even if Plaintiffs could identify a similarly situated control group, Plaintiffs *cannot* demonstrate that the Retired Officer Exemption violates the Equal Protection Clause.  Even though Plaintiffs have failed to satisfy their threshold burden of establishing a similarly situated control group, the Court can dispose of Plaintiffs' claim—and this lawsuit—by determining that (i) rational basis applies to Plaintiffs' claim and (ii) the Retired Officer Exemption satisfies rational basis scrutiny based on *any* proposed classification.

**1.    Rational Basis Applies to Plaintiffs' Equal Protection Claim.**

Rational basis is the appropriate level of scrutiny for examining the Retired Officer Exemption because the Act neither violates a fundamental right (including the Second Amendment) nor employs a suspect classification.  *See Nordyke*, 681 F.3d at 1043 n.2 ("As to the [plaintiffs'] equal protection claim, because the ordinance does not classify shows or events on the basis of a suspect class, and *because we hold that the ordinance does not violate either the First or Second Amendments*, rational basis scrutiny applies." (citations omitted and emphasis added)); *Teixeira*, 2016 WL 2849245, at *3 ("[W]e will uphold a legislative classification so long as it 'neither burdens a fundamental right nor targets a suspect class,' and 'bears a rational relation to some legitimate end.'" (quoting *Romer*, 517 U.S. at 631)); *Nichols v. Brown*, No. CV 11-09916 SJO (SS), 2013 WL 3368922, at *6 (C.D. Cal. July 3, 2013) (holding that, with respect to plaintiff's equal protection challenge, the statutory exemption for retired peace officers to open carry licensing requirements would be subject rational basis scrutiny).  Indeed, Plaintiffs' own allegations confirm that rational basis is the appropriate standard in this case.  (*See* Compl. ¶ 36 ("There is no *rational reason* to treat [honorably retired peace officers] differently than Plaintiffs." (emphasis added)); *id.* ¶ 32 ("Section 626.9(o) *arbitrarily and irrationally* subjects Plaintiffs to unequal treatment in

12

1    violation of the Equal Protection Clause of the Fourteenth Amendment to the

2    Constitution." (emphasis added)).)[10]

3        Plaintiffs do not allege any violation of the Second Amendment or any other

4    fundamental right and they are not seeking to vindicate some purported Second

5    Amendment right to possess a firearm on school grounds.[11]  Nor could they.  The

6    prohibition on CCW license holders from possessing a firearm "in, or on the

7    grounds of, a public or private school," Cal. Penal Code § 626.9(b), is precisely the

8    kind of law "forbidding the carrying of firearms in sensitive places such as schools"

9    that the Supreme Court has acknowledged to be presumptively lawful.  *See Heller*,

10   554 U.S. at 626; *McDonald v. City of Chi., Ill.*, 561 U.S. 742, 786 (2010) ("We

11   made it clear in *Heller* that our holding did not cast doubt on such longstanding

12   regulatory measures as . . . 'laws forbidding the carrying of firearms in sensitive

13   places such as schools and government buildings, or laws imposing conditions and

14   qualifications on the commercial sale of arms.'" (citation omitted)); *cf. Peruta v.*

15   *Cnty. of San Diego*, No. 10-56971, slip op. at 20 (9th Cir. June 9, 2016) (en banc)

16   (holding that the Second Amendment does not protect a right to carry concealed

17

18   _____

19       [10] Plaintiffs also cite *Silveira* (Compl. ¶¶ 30-31), which applied rational basis
     scrutiny to the retired officer exemption in the Assault Weapon Control Act

20   because the statute "neither affect[ed] the exercise of a fundamental right, nor
     classifie[d] persons based on protected characteristics."  *Silveira*, 312 F.3d at 1088.
     The court did so after determining that the Second Amendment provides "no

21   constitutional right to own or possess weapons," *id.*—a view that was abrogated by
     the Supreme Court in *Heller*.  Rational basis scrutiny would still apply so long as

22   no constitutional right has been violated and no suspect classification has been
     employed.

23       [11] (*See* Compl. ¶ 6 ("The purpose of this lawsuit is not to engineer a

24   restoration of the exemption to the Act for 'mere' private citizens with a license to
     carry.  Rather, the purpose is to obtain a ruling that the preferential treatment given

25   to retired peace officers over similarly-situated private citizens violates the Equal
     Protection Clause."); *id.* ¶ 7 ("Because Section 626.9(o)'s exemption violates the

26   Equal Protection Clause, Plaintiffs seek declaratory and injunctive relief to
     invalidate it and enjoin its enforcement or application."); *id.* at Prayer for Relief

27   ("Plaintiffs respectfully request that this Court enter a preliminary and permanent
     injunction enjoining enforcement or application of Penal Code section 626.9(o).").)

28

firearms and noting that "[t]he court in *Heller* was careful to limit the scope of its holding").[12]

Indeed, the Act has been upheld under the Second Amendment. *See Hall* v. *Garcia*, No. C 10-03799 RS, 2011 WL 995933, at *4-*5 (N.D. Cal. Mar. 17, 2011) (granting motion for judgment on the pleadings because, "[u]nder any of the potentially applicable levels of scrutiny . . ., the Gun-Free School Zone Act constitutes a constitutionally permissible regulation of firearms in public areas in or near schools"); *c.f. United States v. Lewis*, Criminal No. 2008-45, 2008 WL 5412013, at *2 (D.V.I. Dec. 24, 2008) (noting that "[i]t is beyond peradventure that a school zone, where [defendant] is alleged to have possessed a firearm, is precisely the type of location of which *Heller* spoke" and "*Heller* unambiguously forecloses a Second Amendment challenge to that offense [for violation of the federal Gun-Free School Zone Act] under any level of scrutiny"). Because Plaintiffs do not, and cannot, allege that the Act violates the Second Amendment, rational basis scrutiny applies.

### 2. The Retired Officer Exemption Satisfies Rational Basis Scrutiny.

Under rational basis review, "the general rule is that legislation is presumed to be valid and will be sustained if the classification drawn by the statute is rationally related to a legitimate state interest." *City of Cleburne*, 473 U.S. at 439. The party attacking the classification bears the burden of demonstrating that there is no reasonable basis for the challenged distinction and to "negative every conceivable basis which might support it." *Heller v. Doe*, 509 U.S. 312, 320 (1993) (citation

---

[12] Even if Plaintiffs were to challenge the Act on Second Amendment grounds, such a challenge would not be cognizable as an equal protection claim. *See Teixeira*, 2016 WL 2849245, at *3 ("Because [plaintiff's] equal protection challenge is 'no more than a [Second] Amendment claim dressed in equal protection clothing,' it is 'subsumed by, and coextensive with' the former, and therefore is not cognizable under the Equal Protection Clause." (quoting *Orin v. Barclay*, 272 F.3d 1207, 1213 n.3 (9th Cir. 2001)) (second alteration in original)).

14

1   omitted).  The legislative record need not contain empirical evidence to support the

2   classification so long as the legislative choice is a reasonable one.  *Nordlinger v.*

3   *Hahn*, 505 U.S. 1, 15 (1992) ("The Equal Protection Clause does not demand for

4   purposes of rational-basis review that a legislature or governing decision-maker

5   actually articulate at any time the purpose or rationale supporting its

6   classification.").

7        The Retired Officer Exemption is reasonably related to a legitimate

8   government interest:  the protection and safety of retired peace officers.  Notably,

9   this rationale is reflected in the legislative history of SB 707.  In initially opposing

10  SB 707, the Sacramento County Sheriff's Association argued that the amendment

11  would jeopardize the safety of retired peace officers.  (*See* Request for Judicial

12  Notice, Ex. A (April 14 Committee Analysis).)  Plaintiffs' insinuation that the only

13  reason for the Retired Officer Exemption is "potent political and lobbying

14  operations" (Compl. ¶ 36) is not enough.  *Alva v. Lockyer*, 220 Fed. App'x 621 (9th

15  Cir. 2007) ("Alva presents no argument beyond the accusation that section

16  311.11(d) was the 'obvious result of heavy lobbying' to establish that the [Motion

17  Picture Association of America] exception is not rationally related to a legitimate

18  state interest.  Accordingly, his equal protection claim fails.").

19       Courts have upheld other exemptions for retired peace officers on similar

20  grounds.  *See Nichols*, 2013 WL 3368922, at *6 ("[T]he California Legislature

21  could have reasonably believed that certain groups, such as retired police officers,

22  were in greater need of self-protection and thus should be allowed to openly carry a

23  firearm."); *Mehl v. Blanas*, No. CIV. S 03-2682 MCE KJM, slip op. at 11 (E.D.

24  Cal. Sept. 3, 2004) (the "*Mehl* Dismissal Order) (granting California Attorney

25  General's motion to dismiss and noting that "the statutory exemption allowing

26

27

28

retired officers to carry concealed weapons is rationally related to a legitimate governmental interest, protecting retired law enforcement officers").[13]

Plaintiffs may try to argue that the Retired Officer Exemption is overinclusive (in covering retired peace officers who Plaintiffs believe may have no self-defense interest (*see* Compl. ¶ 34)) or underinclusive (in excluding the Individual Plaintiffs who may have a self-defense interest). However, such an argument is of no moment under rational basis review. *Vance v. Bradley*, 440 U.S. 93,108 (1979) ("Even if the classification involved here is to some extent both underinclusive and overinclusive, and hence the line drawn by [the Legislature] imperfect, it is nevertheless the rule that in a case like this 'perfection is by no means required.'" (quoting *Phillips Chem. Co. v. Dumas Sch. Dist.*, 361 U.S. 376, 385 (1960))); *see also United States v. Thornton*, 901 F.2d 738, 740 (9th Cir. 1990) ("'[E]qual protection of the laws does not require [the Legislature] in every instance to order evils hierarchically according to their magnitude and to legislate against the greater before the lesser.'" (citation omitted)).

Plaintiffs also may try to argue that the Ninth Circuit's *Silveira* decision supports their equal protection claim. (*See* Compl. ¶¶ 30-31, 36.) Plaintiffs would be mistaken. The exemption for retired peace officers struck down in *Silveira* bears little resemblance to the Retired Officer Exemption at issue in this case. *Silveira* concerned an exemption for retired peace officers (even those who may not have honorably retired) to possess assault weapons that they received or purchased upon their retirement.[14] After observing that it "must attempt to identify *any* hypothetical

---

[13] The *Mehl* Dismissal Order was not published and is not available on an electronic database. Accordingly, a copy of the order is annexed as Exhibit C to the Request for Judicial Notice, which is being filed concurrently herewith.

[14] *See* Cal. Penal Code § 12280(h) (2002) (the assault weapons ban "shall not prohibit the sale or transfer of assault weapons by an entity . . . to a person, upon retirement, who retired as a sworn officer from that entity"); *id.* § 12280(i) (2002) (the assault weapons ban "shall not apply to the possession of an assault weapon by a retired peace officer who received that assault weapon pursuant to subdivision (h)").

1   rational basis for the exception, whether or not that reason is in the legislative
2   record," *Silveira*, 312 F.3d at 1090, the *Silveira* court proceeded to reject several
3   potential justifications for the exemption.  *Id.* at 1090-91.  The court held that the
4   exemption "bears no reasonable relationship to the stated legislative purpose of
5   banning the possession and use of assault weapons in California, except for certain
6   law enforcement purposes."  *Id.* at 1091.  Critically, the court *did not* address any
7   self-defense justification for the exemption.  Here, by contrast, the Retired Officer
8   Exemption is reasonably related to such a legitimate government interest.
9   Moreover, contrary to the comprehensive ban at issue in *Silveira*, the Act
10  recognizes several exemptions that permit individuals, other than honorably retired
11  peace officers, to possess firearms within a school zone or on college or university
12  property.  *See* Cal. Penal Code § 626.9(b) (exempting an individual who has "the
13  written permission of the school district superintendent, his or her designee, or
14  equivalent school authority"); *id.* § 626.9(c)(3) (exempting an individual who
15  "reasonably believes that he or she is in grave danger because of circumstances
16  forming the basis of a current restraining order").

17      This is not the first time that *Silveira* has been cited in an attempt to invalidate
18  an exemption for honorably retired peace officers from a firearm regulation.  In
19  *Mehl v. Blanas*, the plaintiffs made a similar argument as Plaintiffs in this case,
20  relying upon *Silveira* to support an equal protection challenge to the exemption for
21  honorably retired peace officers from the CCW permitting requirements.  The
22  Honorable Morrison C. England, United States District Judge for the Eastern
23  District of California, rejected plaintiffs' argument and granted the Attorney
24  General's motion to dismiss.  The court observed,

25      The justification and rationale for exempting retired peace officers from the
26      CCW is not the same as for the exception to the assault weapon ban in
27      *Silveira*.  The justification for a CCW is personal protection, not public
28      protection.  Peace officers were entitled to carry assault weapons so that they

17

would not be inadequately armed to confront criminals while protecting the
public.  On the other hand, they are entitled to carry concealed weapons to
protect themselves from the enemies they have made in performing their
duties.  While an officer's duty to respond to the public's calls for help stops
when he retires, the threat of danger from enemies he might have made during
this service does not.  Therefore, there is a rational basis for allowing a retired
officer to continue to carry a concealed weapon, even though there was no
rational basis for allowing the same officer to keep an assault weapon.

(Request for Judicial Notice, Ex. C (*Mehl* Dismissal Order) at 10-11.)  As in *Mehl*,
this Court should dismiss this action against the Attorney General with prejudice
given the rational basis for the Retired Officer Exemption.

## II.    THE ORGANIZATIONAL PLAINTIFFS LACK STANDING.

If this Court were to find that Plaintiffs have stated an equal protection claim
(and, for the reasons discussed, they have not), the Court should, at a minimum,
dismiss the claims of the Organizational Plaintiffs pursuant to FRCP 12(b)(1) for
lack of standing.  "An association has standing to bring suit on behalf of its
members when its members would otherwise have standing to sue in their own
right, *the interests at stake are germane to the organization's purpose*, and neither
the claim asserted nor the relief requested requires the participation of individual
members in the lawsuit."  *Ranchers Cattlemen Action Legal Fund United
Stockgrowers of Am. v. U.S. Dep't of Agric.*, 415 F.3d 1078, 1104 (9th Cir. 2005)
(emphasis added) (quoting *Friends of the Earth, Inc. v. Laidlaw Envtl. Serv. (TOC),
Inc.*, 528 U.S. 167, 181 (2000)).

The Organizational Plaintiffs lack organizational standing because the
interests at issue in this litigation are not germane to their alleged purpose.[15]  The

---

[15] The Organizational Plaintiffs also lack direct standing.  *See Valle del Sol
Inc. v. Whiting*, 732 F.3d 1006, 1018 (9th Cir. 2013) ("An organization has 'direct
standing to sue [when] it show[s] a drain on its resources from both a diversion of
its resources and frustration of its mission.'" (quoting *Fair Hous. Council of San*
(continued…)

1    Organizational Plaintiffs are allegedly non-profit organizations focused on Second

2    Amendment advocacy:

3         •    Plaintiff Firearms Policy Foundation "is a non-profit organization that

4              serves the public through charitable and educational purposes, with a

5              focus on advancing constitutional rights with *a particular focus on laws*

6              *relating to firearms and affecting the fundamental right to keep and bear*

7              *arms*." (Compl. ¶ 20 (emphasis added).)

8         •    Plaintiff Firearms Policy Coalition's "purposes . . . include defending the

9              United States Constitution and the People's rights, privileges and

10             immunities deeply rooted in the Nation's history and tradition, *especially*

11             *the fundamental right to keep and bear arms*." (*Id.* ¶ 21 (emphasis

12             added).)

13        •    Plaintiff Madison Society Foundation's "purpose is preserving and

14             protecting the legal and constitutional right to keep and bear arms for its

15             members and all responsible law-abiding citizens." (*Id.* ¶ 22.)

16        •    Plaintiff The Calguns Foundation "serves its members, supporters, and

17             the public through educational, cultural, and judicial efforts to advance

18             Second Amendment and related civil rights." (*Id.* ¶ 23.)

19        Even if the Organizational Plaintiffs can establish the first and third

20   requirements for organizational standing,[16] the equal protection interests at issue in

_____

21   (…continued)

22   *Fernando Valley v. Roomate.com, LLC*, 666 F.3d 1216, 1219 (9th Cir. 2012))).
     Allegations that the Organizational Plaintiffs may have "spent funds" addressing

23   their members concerns and questions about SB 707 are insufficient to confer direct
     standing upon them. (*See* Compl. ¶¶ 20-23.)

24        [16] It is not clear that the Organizational Plaintiffs' members would have
     direct standing to assert the equal protection claim at issue in this case because

25   some members may not be CCW license holders and, depending on the definition
     of Plaintiffs' proposed control group, not all CCW license holders may have

26   suffered a purported equal protection injury. (*See* Section 1.A, *supra*.)  Even if
     some of their members may be "CCW holders who have been directly affected by

27   the change in the law," they have not necessarily suffered the same purported injury
     as the Individual Plaintiffs. (*See* Compl. ¶¶ 20-23.)

28

                                        19

this litigation are not germane to the alleged purposes of the Organizational Plaintiffs. *See Ranchers Cattlemen Action Legal Fund United Stockgrowers of Am.*, 415 F.3d at 1104 (holding that non-profit cattle association lacked standing to assert a National Environmental Policy Act challenge because the plaintiff's purported environmental interest asserted in the litigation was not connected to "the 'trade and marketing' interests it is organized to protect"); *Pac. Nw. Generating Co-Op v. Brown*, 38 F.3d 1058, 1063 (9th Cir. 1994) (noting that the plaintiffs "assert the [aesthetic and recreational] interests of their employees [under the Endangered Species Act]," but that "their employees' interests are not germane to the [plaintiffs'] own purposes and cannot be asserted by them"); *Idaho Farm Bureau Fed'n v. Babbitt*, 900 F. Supp. 1349, 1357 (D. Idaho 1995) ("Plaintiffs have failed to carry their burden of establishing standing as organizations established to represent the aesthetic/recreational interests of their members, both because the members of Plaintiffs' organizations lack the standing to sue individually and, *more importantly, because Plaintiffs are not protecting an interest germane to their organizations' purpose in this regard*" (emphasis added)).

Thus, even if the Complaint were found to state an equal protection claim, the Organizational Plaintiffs lack standing to assert such a claim.

## CONCLUSION

For the reasons set forth above, the Attorney General respectfully urges this Court to grant the present motion to dismiss with prejudice and without leave to amend.

1

2
Dated:  June 10, 2016                    Respectfully submitted,

3                                        KAMALA D. HARRIS
                                         Attorney General of California
                                         MARK R. BECKINGTON
4                                        Supervising Deputy Attorney General

5

6                                        /s/ John D. Echeverria

7                                        JOHN D. ECHEVERRIA
                                         Deputy Attorney General
8                                        *Attorneys for Defendant Kamala D.*
                                         *Harris, California Attorney General*

9

10

11

12   SA2016101989
     52131109.doc
13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# CERTIFICATE OF SERVICE

Case Name: **Ulises Garcia, et al. v. Kamala D. Harris**          No.     **2:16-cv-02572-BRO-AFM**

I hereby certify that on <u>June 10, 2016</u>, I electronically filed the following documents with the Clerk of the Court by using the CM/ECF system:

**NOTICE OF MOTION AND MOTION TO DISMISS COMPLAINT BY CALIFORNIA ATTORNEY GENERAL KAMALA D. HARRIS; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS**

I certify that **all** participants in the case are registered CM/ECF users and that service will be accomplished by the CM/ECF system.

I declare under penalty of perjury under the laws of the State of California the foregoing is true and correct and that this declaration was executed on <u>June 10, 2016</u>, at Los Angeles, California.

|  |  |
|---|---|
| Angela Artiga | /s/ Angela Artiga |
| Declarant | Signature |

SA2016101989
52131223.doc