1  KAMALA D. HARRIS
   Attorney General of California
2  MARK R. BECKINGTON
   Supervising Deputy Attorney General
3  JOHN D. ECHEVERRIA
   Deputy Attorney General
4  State Bar No. 268843
     300 South Spring Street, Suite 1702
5    Los Angeles, CA  90013
     Telephone:  (213) 897-4902
6    Fax:  (213) 897-5775
     E-mail:  John.Echeverria@doj.ca.gov
7  *Attorneys for Defendant Kamala D. Harris,*
   *California Attorney General*
8

9            IN THE UNITED STATES DISTRICT COURT

10          FOR THE CENTRAL DISTRICT OF CALIFORNIA

11             WESTERN DIVISION (LOS ANGELES)

12

| | |
|---|---|
| 13 **ULISES GARCIA; JORDAN** | Case No.:  2:16-cv-02572-BRO-AFM |
| 14 **GALLINGER; BRIAN HILL;** | |
| **BROOKE HILL; CRAIG DeLUZ;** | **CALIFORNIA ATTORNEY** |
| 15 **SCOTT DIPMAN; ALBERT** | **GENERAL KAMALA D.** |
| **DUNCAN; TRACEY GRAHAM;** | **HARRIS'S REPLY IN FURTHER** |
| 16 **LISA JANG; DENNIS SERBU;** | **SUPPORT OF MOTION TO** |
| **MICHAEL VEREDAS; FIREARMS** | **DISMISS COMPLAINT** |
| 17 **POLICY FOUNDATION;** | |
| **FIREARMS POLICY COALITION;** | Date:          August 8, 2016 |
| 18 **MADISON SOCIETY** | Time:          1:30 p.m. |
| **FOUNDATION; and THE** | Courtroom:  14 |
| 19 **CALGUNS FOUNDATION,** | Judge:         The Honorable Beverly |
| | Reid O'Connell |
| 20                              Plaintiffs, | Acton Filed:   April 14, 2016 |
| 21            **v.** | |
| 22 | |
| **KAMALA D. HARRIS, in her official** | |
| 23 **capacity as Attorney General of** | |
| **California,** | |
| 24 | |
| 25                              Defendant. | |

26

27

28

The Attorney General respectfully submits the following reply in further support of her motion, pursuant to FRCP 12(b)(6) and 12(b)(1), to dismiss Plaintiffs' Complaint with prejudice (the "Motion" or "Mot." (Dkt. No. 14)).[1]

## INTRODUCTION

In their opposition to the Motion (the "Opposition" or "Opp'n"), Plaintiffs concede that rational basis scrutiny applies to their equal protection claim challenging the Retired Officer Exemption to the Gun-Free School Zone Act, Cal. Penal Code § 626.9(o). (*See* Opp'n at 9:2-15.) The parties disagree, however, on the proper test under rational basis scrutiny. In her opening papers, the Attorney General demonstrated that the Retired Officer Exemption satisfies rational basis scrutiny because it is, at a minimum, reasonably related to a legitimate government purpose: the safety of retired peace officers. (Mot. at 14:16-18:11.) While Plaintiffs acknowledge that "allowing retired peace officers to carry concealed weapons in school zones may be a rational way for the government to promote their safety" (Opp'n at 11:28-12:1), they insist that the Attorney General's focus on the safety of retired peace officers "is too narrow" and that "[t]he right question is whether the classification here is rationally related to achieving the broader purpose of the 'Gun Free School Zone Act.'" (*Id.* at 1:3-7.) But that is not, and cannot be, the law. In conducting a rational basis review of a statutory exemption, the Court must "identify *any* hypothetical rational basis for the exception." *Silveira v. Lockyer*, 312 F.3d 1052, 1090 (9th Cir. 2002), *abrogated on other grounds by District of Columbia v. Heller*, 554 U.S. 570 (2008).

Nothing in Plaintiff's Opposition undermines the common-sense conclusion that the Retired Officer Exemption has a rational basis. Plaintiffs have failed to distinguish other cases upholding similar exemptions for retired peace officers from

---

[1] Capitalized terms used but not defined herein shall be given the same meaning ascribed to them in the Motion, which is expressly incorporated herein by reference.

1

firearm restrictions based on the same interest in their personal safety. The only case that Plaintiffs rely upon to support their claim is the *Silveira* decision. But that case concerned an exemption to the California Assault Weapons Control Act (the "AWCA") permitting retired peace officers to obtain "personal pleasure military-style weapons" upon retirement, 312 F.3d at 1091, which (unlike the firearms permitted under the Retired Officer Exemption) could have had no *reasonable* connection to any self-defense interest for retired officers. In addition, Plaintiffs fail to explain how the Individual Plaintiffs are similarly situated to retired peace officers or how the Organizational Plaintiffs have standing. The Motion should be granted, and the Complaint should be dismissed with prejudice.

# ARGUMENT

## I. THE RETIRED OFFICER EXEMPTION SATISFIES RATIONAL BASIS SCRUTINY

### A. Plaintiffs Misstate the Standard for Rational Basis Scrutiny

Under the Equal Protection Clause of the Fourteenth Amendment, "the general rule is that legislation is presumed to be valid and will be sustained if the classification drawn by the statute is rationally related to a legitimate government interest." *City of Cleburne, Tex. v. Cleburne Living Ctr.*, 473 U.S. 432, 440 (1985). Despite this deferential standard, Plaintiffs insist that the Retired Officer Exemption must be connected to one, and only one, government purpose: the purpose of the Gun-Free School Zone Act. (*See* Opp'n at 1:3-7.) Plaintiffs are wrong. By its very nature, an exemption to a statute may be "at odds" in some way with the purpose of the statute, and yet a court must uphold the exemption under rational basis scrutiny if it is reasonably related to "*any* hypothetical rational basis for the exception, whether or not that reason is in the legislative record." *Silveira*, 312 F.3d at 1090.

For example, in *Nordlinger v. Hahn*, 505 U.S. 1 (1992), the petitioner challenged exemptions to the acquisition-value property tax scheme in Article XIIIA of the California Constitution "for two special classes of new owners:

1    persons aged 55 and older, who exchange principal residences, and children who
2    acquire property from their parents." *Id.* at 16.  The Court found that both
3    exemptions "rationally further legitimate purposes." *Id.* at 17.  The latter
4    exemption happened to further the same purpose as Article XIIIA, which was to
5    promote neighborhood continuity.[2]  The former exemption, however, was found to
6    further the distinct purpose of not discouraging "older persons . . . from moving to a
7    residence more suitable to their changing family size or income." *Id.*  This
8    exemption was upheld under rational basis scrutiny even though it provided an
9    incentive for older homeowners to leave their communities and, thus, conflicted
10   with the purpose of Article XIIIA.

11        To justify their position, Plaintiffs rely exclusively on the *Silveira* court's
12   initial observation that the retired peace officer exemption in the AWCA was
13   "wholly contrary to the legislature's stated reasons for enacting *restrictions* on
14   assault weapons." (Opp'n at 11:25-26 (quoting *Silveira*, 312 F.3d at 1090).)  But
15   the *Silveira* court made clear that this initial observation "cannot end" its analysis
16   because the court "must attempt to identify *any* hypothetical rational basis for the
17   exception, whether or not that reason is in the legislative record," after which the
18   court proceeded to examine, and reject, several potential rationales for the
19   exemption.  *Silveira*, 312 F.3d at 1090-91.  Accordingly, even if the Retired Officer
20   Exemption were "wholly contrary" to a "stated" purpose of the Gun-Free School

21

22

23

24        [2] *Compare Nordlinger*, 505 U.S. at 17 ("[T]he people of California
25   reasonably could have concluded that *the interests of family and neighborhood
     continuity and stability* are furthered by and warrant an exemption for transfers
26   between parents and children." (emphasis added)), *with id.* at 12 (finding that
     Article XIIIA rationally furthers the "legitimate interest in local neighborhood
27   preservation, continuity, and stability" by discouraging "rapid turnover in
     ownership of homes and businesses").

28

1  Zone Act (and it is not), the Court must uphold the Retired Officer Exemption if it

2  is reasonably related to *any* legitimate government purpose.[3]

3

4  **B.   The Retired Officer Exemption Furthers the Legitimate Government Purpose of Protecting Retired Peace Officers**

5       As a general matter, retired peace officers may face unique safety concerns

6  based on their prior service in law enforcement.  As the Sacramento County

7  Sheriff's Association advocated in support of preserving the Retired Officer

8  Exemption in the 2015 Amendment:  "Retired peace officers protected and served

9  the public while earning the enmity of those in society who ran afoul of the law.

10 Retired officers carry their weapons as a means of personal protection.  Recent

11 attacks demonstrate the need for peace officers—even retired peace officers—to be

12 able to defend themselves if necessary."  (Request for Judicial Notice (Dkt. No. 15),

13 Ex. A (April 14 Committee Analysis) at 7.)[4]  Due to retired peace officers' unique

14 safety concerns, courts have upheld similar exemptions for retired peace officers

15 from other firearm restrictions.  *See Mehl* Dismissal Order at 11 ("[Retired peace

16 _____

17       [3] In a revealing footnote, the *Silveira* court observed that, even though "the
   grandfather clause [in the AWCA] may also appear to be inconsistent with th[e]

18 legislative intent [of the AWCA]," "the argument that a rational basis for the
   grandfather clause exists is entirely different from, *and likely more substantial than*,
   those put forward to justify the off-duty exception."  *Silveira*, 312 F.3d at 1090 n.57

19 (emphasis added).  This passage confirms that an exemption can satisfy rational
   basis scrutiny even if it conflicts with the purpose of the statute.

20       [4] Plaintiffs object to the Request for Judicial Notice, relying exclusively on

21 California state authorities to argue that the Court may not take judicial notice of
   certain statements reflected in the committee analyses for SB 707.  (*See* Objection

22 to Defendant's Request for Judicial Notice (Dkt. No. 17) at 1:3-2:6; Opp'n at 16
   n.10.)  The Court may take judicial notice of these statements as part of the

23 legislative history of SB 707.  *See Chaker v. Crogan*, 428 F.3d 1215, 1223 & n.8
   (9th Cir. 2005) (noting that "[n]umerous law enforcement agencies throughout the

24 state supported the enactment of [a statute]" and taking judicial notice of the
   legislative history of the statute); *Rocky Mountain Farmers Union v. Goldstene*,

25 719 F. Supp. 2d 1170, 1186 (E.D. Cal. 2010) ("To the extent that the legislative
   histories conflict, or represent the statements of individual legislators, this Court

26 will consider the weight to give to the statements and resolve all doubts in favor of
   plaintiffs pursuant to motion to dismiss standards.").  At a minimum, the Court may

27 take judicial notice of the fact that such statements were made because the sources
   are not subject to reasonable dispute.  *See* Fed. R. Evid. 201.

28

4

1   officers] are entitled to carry concealed weapons to protect themselves from the

2   enemies they have made in performing their duties.  While an officer's duty to

3   respond to the public's calls for help stops when he retires, the threat of danger

4   from enemies he might have made during his service does not."); *Nichols v. Brown*,

5   No. CV 11-09916 SJO (SS), 2013 WL 3368922, at *6 (C.D. Cal. July 3, 2013)

6   ("[T]he California Legislature could have reasonably believed that certain groups,

7   such as retired police officers, were in *greater need of self-protection* and thus

8   should be allowed to openly carry a firearm." (emphasis added)).  The logic of

9   these well-reasoned decisions applies with equal force here.  (Mot. at 15:19-16:2.)

10      Plaintiffs try to distinguish these cases by arguing that *Mehl* "arose in the

11   context of [a] licensing scheme designed to *facilitate* access to firearms,"

12   suggesting that the exemption for retired peace officers in that case was consistent

13   with that purpose.  (Opp'n at 1:18-20.)  Plaintiffs make a similar argument with

14   respect to the statute in *Nichols*, claiming that the open carry ban at issue in that

15   case was somehow a "statutory scheme *permitting* the open carry of firearms."  (*Id.*

16   at 13 n.8 (emphasis added).)  Plaintiffs mischaracterize these statutes.

17   Notwithstanding any other exemptions or permitting processes in those statutory

18   schemes, those statutes were, undeniably, *bans* on the concealed carrying and the

19   open carrying of firearms, respectively.  *See* Cal. Penal Code § 12025 (1999)

20   (currently Cal. Penal Code § 25400) (concealed weapons ban); Cal. Penal Code §

21   25850 (open carry ban).  The exemptions for retired peace officers in those cases

22   were exemptions from those *prohibitions*.  *See* Cal. Penal Code § 12027(a) (2008)

23   (currently Cal. Penal Code § 25450) (exempting retired peace officers from Penal

24   Code section 12025); Cal. Penal Code § 25900 (exempting retired peace officers

25   from Penal Code section 25850).  As in those cases, the Retired Officer Exemption

26   to the Gun-Free School Zone Act is reasonably related to the legitimate government

27   purpose of protecting retired peace officers.

28

1    It does not matter that the exemption in *Mehl* applied only "if [the retired

2    peace officers] used firearms in the line of duty" or that "the plaintiffs in *Mehl* did

3    not have concealed-carry licenses." (Opp'n at 13:4-13.)  The Legislature could

4    have reached the reasonable determination that retired peace officers are at greater

5    risk due to their prior service in law enforcement, whether or not they were issued

6    firearms in the course of their service.  Whatever safety concerns CCW permit

7    holders may have (*see id.* at 14:17-23), they do not necessarily face the same

8    pervasive threats as retired peace officers, and, given the rational basis for the

9    Retired Officer Exemption, the fact that the Gun-Free School Zone Act may be

10   over- or under-inclusive does not affect the outcome of this case.  (Mot. at 16:6-15.)

11   Plaintiffs highlight certain categories of retired peace officers to argue that

12   "the notion of a need to protect against 'enemies' made in the line of duty is silly to

13   the point of irrationality as applied to a Fish and Game agent, a State Fair marshal,

14   or an IRS agent who spent most of their career outside of California but happened

15   to retire here." (Opp'n at 15:17-21.)  In so doing, Plaintiffs understate the potential

16   risk to these officers—who sometimes engage the public in confrontational

17   situations and have the power to arrest—and seek to substitute their judgment for

18   the Legislature's in determining which retired peace officers may reasonably be at

19   risk.  The Retired Officer Exemption is constitutional, not (as Plaintiffs erroneously

20   contend) because a "favored class would benefit from the preference" (*id.* at 12:3-

21   6), but because the Legislature could have determined that the preference was

22   needed to address the unique safety concerns faced by former law enforcement

23   officers.

24      **C.    The *Silveira* Decision Is Not Controlling**

25   Plaintiffs rely solely on the *Silveira* decision to argue that the Retired Officer

26   Exemption fails under rational basis scrutiny.  (*See* Opp'n at 10:7-12, 11:15-13:1.)

27   That case concerned an exception to the AWCA that allowed retired peace officers

28   to receive assault weapons upon retirement.  While the *Silveira* court did not

6

1    expressly address any self-defense interest for retired peace officers, Plaintiffs

2    stress that the court sought to "identify *any* hypothetical rational basis for the

3    exemption," suggesting that the court considered and rejected the very justification

4    proffered in this case.  (*See id.* at 12:19-24.)  Even so, it is not surprising that the

5    court would reject a personal safety interest in that case because making "high-

6    powered," "personal pleasure military-style weapons" available to retired peace

7    officers would not have been reasonably connected to the legitimate government

8    purpose of ensuring their personal safety.  *See Silveira*, 312 F.3d at 1090-91.

9    Plaintiffs note the "truism" that "possessing more powerful weapons enhances

10   one's self-defense" (Opp'n at 12:24-25), but the relationship between assault

11   weapons and self-defense would have been "so attenuated as to render the

12   distinction arbitrary or irrational."  *Silveira*, 312 F.3d at 1091.  In contrast to the

13   weapons at issue in *Silveira*, the firearms permitted under the Retired Officer

14   Exemption have a very close connection to the self-defense interests for retired

15   peace officers.  *See Heller*, 554 U.S. at 629 ("[T]he American people have

16   considered the handgun to be the quintessential self-defense weapon.").

17          Additionally, while Plaintiffs fixate on the *Silveira* court's initial observation

18   that the exemption in that case was "wholly contrary to the legislature's stated

19   reasons for enacting restrictions on assault weapons," 312 F.3d at 1090, the Retired

20   Officer Exemption is not "wholly contrary" to any "stated" purpose of the Gun-

21   Free School Zone Act.  Unlike the statute in *Silveira*, the Act has no "stated"

22   legislative purpose or legislative findings.  (*See* Opp'n at 3:20-21 ("The legislative

23   record contains no legislative findings explaining the purposes of the 2015

24   amendments).)  Moreover, contrary to AWCA, which applied to all assault

25   weapons after the date of enactment, the Gun-Free School Zone Act does not

26   eliminate the presence of handguns on school grounds.[5]  The Act contains

27   _____

        [5] Plaintiffs claim that the AWCA was "hardly a 'comprehensive ban'" in

28   light of the statute's grandfather clause for assault weapons purchased prior to

(continued…)

1   exemptions for individuals who have obtained a restraining order or the prior

2   written permission of the appropriate school authorities.  *See* Penal Code § 626.9(b),

3   (c)(3), (h), (i).)[6]

4

### D.   Plaintiffs' Suggestion that the Retired Officer Exemption Was the Result of Political Lobbying Is Irrelevant

5

6        Without citation to legal authority, Plaintiffs devote a significant portion of

7   their Opposition to their specious claim that the Retired Officer Exemption violates

8   the Equal Protection Clause because it "favor[ed] a politically powerful group."

9   (Opp'n at 16:15-18.)  As discussed in the moving papers, this argument is irrelevant

10  to the Court's assessment of the Retired Officer Exemption under rational basis

11  scrutiny.  (Mot. at 15:12-18 (citing *Alva v. Lockyer*, 220 Fed. App'x 621 (9th Cir.

12  2007)).)

13       Plaintiffs' Opposition also makes new assertions, nowhere alleged in the

14  Complaint, that CCW permit holders are politically unpopular and that the 2015

15  Amendment was a result of some form of animus towards them.  (*See* Opp'n at

16  17:15-18:16.)  "'In determining the propriety of a Rule 12(b)(6) dismissal, a court

17  *may not* look beyond the complaint to a plaintiff's . . . memorandum in opposition

18  to a defendant's motion to dismiss,'" but the Court may consider new facts raised in

19  the Opposition in "determining whether to grant leave to amend or to dismiss the

20  complaint with or without prejudice."  *Broam v. Bogan*, 320 F.3d 1023, 1026 n.2

21  ──────────────────────────────
    (…continued)

22  enactment.  (Opp'n at 10 n.6.)  Notwithstanding Plaintiffs' attempt to minimize the scope of the AWCA, the *Silveira* court described the statute's purpose in sweeping terms.  *See Silveira*, 312 F.3d at 1090 (describing the "act's basic purpose of

23  *eliminating* the availability of high-powered, military-style weapons" (emphasis added)); *id.* at 1091 (noting that the purpose of the act was "to *eliminate* the

24  availability of the [assault] weapons generally" (emphasis added)).

25        [6] Notwithstanding the title of the Gun-Free School Zone Act, the Legislature could not have intended for the Act to eliminate guns from school grounds given

26  the exemptions allowing firearms on school grounds.  *See United States v. Nakashima*, 160 F. 842, 845 (9th Cir. 1908) (noting that "[t]he title of the act . . .

27  may not be used to extend or restrain any positive provisions found in the body of the act").

28

8

1    (9th Cir. 2003) (citation omitted).  The Court should ignore these new assertions

2    because they are conclusory and belied by the fact that CCW permit holders were

3    afforded an exemption to the Gun-Free School Zone Act so long as they are not on

4    school grounds.  *See* Penal Code § 626.9(c)(5).

5
6    **E.    Plaintiffs Fail to Identify How They Are Similarly Situated to Retired Peace Officers**

7            Even though CCW permit holders and retired peace officers are both permitted

8    to possess concealed weapons "for the lawful purpose of self-defense" (Opp'n at

9    8:8-11), CCW permits do not make the Individual Plaintiffs similarly situated to

10   retired peace officers.  Retired peace officers face unique safety concerns due to

11   their prior work in law enforcement.  *See Nichols*, 2013 WL 3368922, at *6 (noting

12   retired peace officers' potential "greater need of self-protection").  Contrary to

13   Plaintiffs' suggestion that *Freeman v. City of Santa Ana*, 68 F.3d 1180 (9th Cir.

14   1995), does not apply at the pleadings stage (Opp'n at 8 n.4), Plaintiffs are required

15   to plead sufficient facts to allege that they are similarly situated to retired peace

16   officers.  *See Guerrero v. De Leon*, No. EDCV 12-299-PA(SH), 2012 WL

17   5574631, at *5 (C.D. Cal. Sept. 24, 2012) (dismissing equal protection claim

18   because plaintiff failed to allege sufficient facts to allow the court to "know whether

19   [other individuals] were similarly situated").  Even if Plaintiffs have adequately

20   alleged that they are similarly situated to retired peace officers on account of their

21   CCW permits—and they have not due to, *inter alia*, the different county

22   requirements for establishing "good cause" to obtain a CCW permit (*see* Opp'n at

23   4:22-5:2)—the Court should still dismiss the Complaint because the Retired Officer

24   Exemption satisfies rational basis scrutiny.  (*See* Section I.B, *supra*.)

25   **II.   THE ORGANIZATIONAL PLAINTIFFS LACK STANDING**

26           The Organizational Plaintiffs lack standing because Plaintiffs' equal protection

27   claim under the Fourteenth Amendment does not implicate any Second Amendment

28

9

1    interests.[7]  Plaintiffs claim that this "litigation is germane to the organizations'

2    purposes, as it challenges the discriminatory treatment suffered by some citizens

3    (including members of the plaintiffs' organizations) *who seek to exercise their right*

4    *to keep and bear arms for self-defense*."  (Opp'n at 18:24-27 (emphasis added).)

5    But, as discussed in the moving papers, this litigation has nothing to do with the

6    Second Amendment or any right to keep and bear arms.  (*See* Mot. at 18:24-20:16.)

7    If anything, in attempting to invalidate the Retired Officer Exemption, Plaintiffs are

8    seeking to *restrict* the ability of certain individuals to possess firearms on school

9    grounds.  As demonstrated by the authorities cited in the moving papers—and

10   conspicuously ignored by Plaintiffs—the general equal protection interest asserted

11   in this litigation is not germane to the alleged purposes of the Organizational

12   Plaintiffs.  (*Id.* at 18:24-19:18.)  The only case cited by Plaintiffs in support of their

13   argument is *Silvester v. Harris*, 41 F. Supp. 3d 927 (E.D. Cal. 2014).  (Opp'n at

14   18:27-19:1.)  That case, however, supports the conclusion that the Organizational

15   Plaintiffs lack standing because, unlike the general civil rights interest asserted

16   here, the organizational plaintiffs in that case were asserting a Second Amendment

17   interest in attempting to invalidate the 10-day waiting period for purchasing

18   firearms.  *Id.* at 942.  The Organizational Plaintiffs lack standing and, at a

19   minimum, their claims must be dismissed.

20                                  **CONCLUSION**

21          For the reasons set forth above and in her opening papers, the Attorney

22   General respectfully urges this Court to grant the Motion and dismiss the Complaint

23   with prejudice and without leave to amend.

24

25

26

27        [7] Plaintiffs do not address the argument raised in the moving papers that the
     Organizational Plaintiffs lack direct standing.  (*See* Mot. at 18 n.15.)

28

Dated:  July 25, 2016

Respectfully submitted,

KAMALA D. HARRIS
Attorney General of California
MARK R. BECKINGTON
Supervising Deputy Attorney General


/s/ John D. Echeverria

JOHN D. ECHEVERRIA
Deputy Attorney General
*Attorneys for Defendant Kamala D.
Harris, California Attorney General*

SA2016101989
52176263.doc

11