1  BENBROOK LAW GROUP, PC
   BRADLEY A. BENBROOK (SBN 177786)
2  STEPHEN M. DUVERNAY (SBN 250957)
   400 Capitol Mall, Suite 1610
3  Sacramento, CA  95814
   Telephone: (916) 447-4900
4  Facsimile:  (916) 447-4904
   brad@benbrooklawgroup.com
5  steve@benbrooklawgroup.com

6
   Attorneys for Plaintiffs
7

8

9              **UNITED STATES DISTRICT COURT**

10            **CENTRAL DISTRICT OF CALIFORNIA**

11

12  ULISES GARCIA; JORDAN              Case No.:  2:16-cv-02572-BRO-AFM
    GALLINGER; BRIAN HILL; BROOKE
13  HILL; CRAIG DeLUZ; SCOTT          **PLAINTIFFS' NOTICE OF**
    DIPMAN; ALBERT DUNCAN;            **APPEAL AND REPRESENTATION**
14  TRACEY GRAHAM; LISA JANG;         **STATEMENT**
    DENNIS SERBU; MICHAEL
15  VEREDAS; FIREARMS POLICY
    FOUNDATION; FIREARMS POLICY
16  COALITION; MADISON SOCIETY
    FOUNDATION; and THE CALGUNS
17  FOUNDATION,

18                  Plaintiffs,

19         v.

20  KAMALA D. HARRIS, in her official
    capacity as Attorney General of
21  California,

22
                    Defendant.
23

24

25

26

27

28

# NOTICE OF APPEAL

NOTICE IS HEREBY GIVEN that Plaintiffs Ulises Garcia, Jordan Gallinger, Brian Hill, Brooke Hill, Craig DeLuz, Scott Dipman, Albert Duncan, Tracey Graham, Lisa Jang, Dennis Serbu, Michael Veredas, Firearms Policy Foundation, Firearms Policy Coalition, Madison Society Foundation, and The Calguns Foundation, plaintiffs in the above-captioned case, hereby appeal to the United States Court of Appeals for the Ninth Circuit from an order granting Defendant's Motion to Dismiss Plaintiffs' Complaint entered in this action on August 5, 2016 (Docket 20), attached as Exhibit A.

Plaintiffs' Representation Statement is attached to this Notice as required by Ninth Circuit Rule 3-2(b).


Dated:  August 8, 2016                    BENBROOK LAW GROUP, PC


                                          By   /s Bradley A. Benbrook
                                          BRADLEY A. BENBROOK
                                          Attorneys for Plaintiffs

# REPRESENTATION STATEMENT

The undersigned represents Plaintiffs-Appellants Ulises Garcia, Jordan Gallinger, Brian Hill, Brooke Hill, Craig DeLuz, Scott Dipman, Albert Duncan, Tracey Graham, Lisa Jang, Dennis Serbu, Michael Veredas, Firearms Policy Foundation, Firearms Policy Coalition, Madison Society Foundation, and The Calguns Foundation, and no other party.  Pursuant to Rule 12(b) of the Federal Rules of Appellate Procedure and Circuit Rule 3-2(b), Plaintiffs-Appellants submit this Representation Statement.  The following list identifies all parties to the action, and it identifies their respective counsel by name, firm, address, telephone number, and email, where appropriate.

| PARTIES | COUNSEL OF RECORD |
|---|---|
| Plaintiffs-Appellants Appellants Ulises Garcia, Jordan Gallinger, Brian Hill, Brooke Hill, Craig DeLuz, Scott Dipman, Albert Duncan, Tracey Graham, Lisa Jang, Dennis Serbu, Michael Veredas, Firearms Policy Foundation, Firearms Policy Coalition, Madison Society Foundation, and The Calguns Foundation | BENBROOK LAW GROUP, PC<br>Bradley A. Benbrook (SBN 177786)<br>Stephen M. Duvernay (SBN 250957)<br>400 Capitol Mall, Suite 1610<br>Sacramento, CA  95814<br>Telephone: (916) 447-4900<br>Facsimile:  (916) 447-4904<br>brad@benbrooklawgroup.com<br>steve@benbrooklawgrou.com |
| Defendant-Appellee Kamala D. Harris, in her official capacity as Attorney General of California | Kamala D. Harris (SBN 146672)<br>Attorney General of California<br>Mark R. Beckington (SBN 126009)<br>Supervising Deputy Attorney General<br>John D. Echeverria (SBN 268843)<br>Deputy Attorney General<br>300 South Spring Street, Suite 1702<br>Los Angeles, CA  90013<br>Telephone: (213) 897-4902<br>Facsimile: (213) 897-5775<br>John.Echeverria@doj.ca.gov |

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Dated:  August 8, 2016

BENBROOK LAW GROUP, PC

By /s/ *Bradley A. Benbrook*
   BRADLEY A. BENBROOK
   Attorneys for Plaintiffs

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

| Case No. | CV 16-02572-BRO (AFMx) | Date | August 5, 2016 |
|---|---|---|---|
| Title | ULISES GARCIA ET AL. V. KAMALA HARRIS | | |

Present: The Honorable   **BEVERLY REID O'CONNELL, United States District Judge**

| Renee A. Fisher | Not Present | N/A |
|---|---|---|
| Deputy Clerk | Court Reporter | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| Not Present | Not Present |

**Proceedings:**      (IN CHAMBERS)

**ORDER RE DEFENDANT'S MOTION TO DISMISS**
**PLAINTIFF'S COMPLAINT [14]**

## I.    INTRODUCTION

Pending before the Court is Kamala D. Harris's ("Defendant") Motion to Dismiss Plaintiffs'[1] Complaint pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6).  (Dkt. No. 14 (hereinafter, "Mot.") at 2–3.)  After considering the papers filed in support of and in opposition to the instant Motion, the Court deems this matter appropriate for resolution without oral argument of counsel.  *See* Fed. R. Civ. P. 78; C.D. Cal. L.R. 7-15.  For the following reasons, the Court **GRANTS** Defendant's Motion.

## II.    BACKGROUND

### A.    Factual Background

The Complaint alleges that Individual Plaintiffs are "responsible, law abiding citizens" with licenses to carry concealed weapons, and that each has a reason to be present in a school zone.  (Compl. ¶ 33; *see also* Compl. ¶¶ 10–19.)  Each Individual

---

[1] The Plaintiffs in this case are: Ulises Garcia, Jordan Gallinger, Brian Hill, Brooke Hill, Craig DeLuz, Scott Dipman, Albert Duncan, Tracey Graham, Lisa Jang, Dennis Serbu, Michael Veredas, Firearms Policy Foundation ("FPF"), Firearms Policy Coalition ("FPC"), Madison Society Foundation ("Madison Society"), and The Calguns Foundation ("CGF").  The Court will refer to Garcia, Gallinger, Brian Hill, Brooke Hill, DeLuz, Dipman, Duncan, Graham, Jang, Serbu, and Veredas collectively as the "Individual Plaintiffs" and will refer to FPF, FPC, Madison Society, and CGF collectively as "the Organizational Plaintiffs."  All Plaintiffs collectively will be referred to as "Plaintiffs."

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

| Case No. | CV 16-02572-BRO (AFMx) | Date | August 5, 2016 |
|---|---|---|---|
| Title | ULISES GARCIA ET AL. V. KAMALA HARRIS | | |

Plaintiff has had to demonstrate good moral character and good cause to obtain a concealed carry license.  (Compl. ¶ 33.)  The Organizational Plaintiffs all contend that their purpose is to advance constitutional rights and that all the organizations have a particular focus on the Second Amendment.  All the Organizational Plaintiffs allege they have spent funds and other resources to address questions, concerns, and complaints about the amendments to SB 707.  (*See* Compl. ¶¶ 20–23.)  Defendant is the Attorney General of California and has an office in Los Angeles, California.  (Compl. ¶ 24.)  Plaintiffs have sued Defendant in her official capacity.  (*Id.*)

Plaintiffs challenge the constitutional validity of amendments to the Gun Free School Zone Act of 1995 (the "Act") passed in 2015 as Senate Bill 707, 2014–15 Reg. Sess. (Cal. 2015) ("SB 707").  (Dkt. No. 1 (hereinafter, "Compl.") ¶ 1.)  The Act prohibits the possession of a firearm within a school zone, which includes any area on the grounds of, or within 1,000 feet of, a public or private school.  (Compl. ¶ 25); *see* Cal. Penal Code § 626.9(b), (e)(4).  Violation of the Act is a misdemeanor or a felony.  (*Id.*)  As originally enacted, the Act created two exemptions: (1) anyone who was licensed to carry a concealed firearm pursuant to California Penal Code section 26150 could carry a firearm on school property; and, (2) any "honorably retired peace officer authorized to carry a concealed or loaded firearm" (the "Retired Peace Officer Exemption") could also carry a firearm on school grounds.  (Compl. ¶ 29; Mot. at 1 (citation omitted).)  In 2015, the California Legislature initially intended to amend the Act to remove all exemptions, but ultimately retained the Retired Peace Officer Exemption.  (Compl. ¶ 29; Mot. at 2); *see* Cal. Penal Code § 626.9(o).  According to Plaintiffs, section 626.9(o) treats two groups of "similarly situated" citizens differently as it allows these retired peace officers a right not afforded to the general public.  (*See* Compl. ¶ 6.)  As a result, eleven individuals and four organizations have brought a challenge pursuant to 42 U.S.C. § 1983 alleging the Retired Peace Officer Exemption violates the Equal Protection Clause of the Fourteenth Amendment.  (*See* Compl.)

Under California law, retired peace officers are not subject to a moral character check and are not required to establish good cause unlike most citizens (including the Individual Plaintiffs).  (Compl. ¶ 34.)  Rather, any retired peace officer who carried a gun during their service will be issued an identification certificate by the law enforcement agency for which they worked that allows them to carry a concealed weapon.  (*Id.*)  This exemption applies to retired employees of the Department of Fish and Game, retired

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES – GENERAL

| Case No. | **CV 16-02572-BRO (AFMx)** | Date | August 5, 2016 |
|----------|----------------------------|------|----------------|
| Title    | **ULISES GARCIA ET AL. V. KAMALA HARRIS** | | |

employees of the Department of Parks and Recreation, retired employees of the Department of Forestry and Fire Protection, and retired marshals whose primary assignment duties included enforcing California Food and Agricultural Code section 3332. (*Id.*) The retirees must reapply every five years to their former agency to maintain their eligibility, and the agency must find "good cause" to deny the renewal. (*Id.*) Additionally, the Retired Peace Officer Exemption also includes any honorably retired federal officer or agent of a federal law enforcement agency regardless of whether they ever carried a gun during their service. (Compl. ¶ 35.) For these officers, the officer or agent must have been assigned to duty within California for at least one year or retired from active service in the state. (*Id.*) The officer must provide the local sheriff or police chief with a "concurrence" from the agency for whom the officer or agent worked stating that the retiree should be able to carry a concealed weapon. (*Id.*)

### B.    Procedural History

Plaintiffs filed this action on April 14, 2016, seeking declaratory, injunctive, or other relief for an alleged violation of the Equal Protection Clause of the Fourteenth Amendment pursuant to 42 U.S.C. § 1983. (*See generally* Compl.) On May 11, 2016, the Parties stipulated to an extension of the deadline for Defendant to file an Answer to the Complaint. (Dkt. No. 13.) Accordingly, on June 10, 2016, Defendant answered Plaintiffs' Complaint by filing the instant Motion to Dismiss, (Dkt. No. 14), and a Request for Judicial Notice, (Dkt. No. 15 (hereinafter, "RJN")). On July 18, 2016, Plaintiffs timely opposed the Motion, (Dkt. No. 16 (hereinafter, "Opp'n"), and objected to the Request for Judicial Notice, (Dkt. No. 17 (hereinafter, "Obj. to RJN")). On July 25, 2016, Defendant replied to Plaintiffs' Opposition. (Dkt. No. 19 (hereinafter, "Reply").)

## III.   REQUEST FOR JUDICIAL NOTICE

Accompanying Defendant's Motion is a Request for Judicial Notice. (*See* RJN.) Defendant requests that the Court take judicial notice of (1) an order from the Eastern District of California filed in *Mehl v. Blanas*, No. CIV. S 03-2682 MCE KJM (E.D. Cal. Sept. 3, 2004) (Dkt. No. 17) (hereinafter, "*Mehl* Order"), and (2) two Committee Analyses of SB 707 dated April 14, 2015 and July 14, 2015 respectively. (RJN ¶¶ 1–3, Exs. A–C.)

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

| Case No. | CV 16-02572-BRO (AFMx) | Date | August 5, 2016 |
|---|---|---|---|
| Title | ULISES GARCIA ET AL. V. KAMALA HARRIS | | |

A court may properly take judicial notice of (1) material which is included as part of the complaint or relied upon by the complaint, and, (2) matters in the public record. *See Marder v. Lopez*, 450 F.3d 445, 448 (9th Cir. 2006); *Lee v. City of Los Angeles*, 250 F.3d 668, 688–89 (9th Cir. 2001). A court may also take judicial notice pursuant to Federal Rule of Evidence 201(b). Under the rule, a judicially noticed fact must be one that is "not subject to reasonable dispute because it: (1) is generally known within the trial court's territorial jurisdiction; or, (2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b). A court "must take judicial notice if a party requests it and the court is supplied with the necessary information." *See* Fed. R. Evid. 201(c)(2); *In re Icenhower*, 755 F.3d 1130, 1142 (9th Cir. 2014).

Plaintiffs do not object to the Court taking judicial notice of the *Mehl* Order, (*see generally* Obj. to RJN), and it is appropriate for a court to take judicial notice of another court's order, *see Walker v. Metro Life Ins. Co.,* No. CV 09-1178 PSG (AGR), 2009 WL 2048328, at *2 n.2 (C.D. Cal. July 9, 2009) ("The Court may take judicial notice of orders by other courts . . . .") (citing *Papai v. Harbor Tug & Barge Co.,* 67 F.3d 203, 207 n.5 (9th Cir. 1995), *rev'd on other grounds* by 520 U.S. 548 (1997)). Therefore, the Court **GRANTS** Defendant's Request for Judicial Notice as to the *Mehl* Order.

Plaintiffs do object to the Court taking judicial notice of portions of the SB 707's Committee Analyses, specifically letters from entities opposing the proposed removal of the Retired Peace Officer Exemption from the Act. (Obj. to RJN ¶¶ 1–2.) "Legislative history is properly a subject of judicial notice." *Anderson v. Holder*, 673 F.3d 1089, 1094 n.1 (9th Cir. 2012) (citing *Chaker v. Crogan*, 428 F.3d 1215, 1223 n.8 (9th Cir. 2005)). Judicial notice is appropriate because "[l]egislative history is a source whose accuracy cannot reasonably be questioned." *See Snyder v. Unum Life Ins. Co. of Am.*, No. CV 13-07522 BRO (RZx), 2014 WL 7734715, at *5 (C.D. Cal. Oct. 28, 2014) (citing *Chaker*, 428 F.3d at 1223 n.8). However, Plaintiffs contend that the Court cannot take judicial notice of statements made in opposition to SB 707, as they "are not a valid source of legislative history." (Obj. to RJN ¶¶ 1–2.) Plaintiffs contend that courts do not take judicial notice of legislative history that is not indicative of the *collective intent* of the Legislature, such as letters opposing the bill. (*Id.*) To support their contention, Plaintiffs rely on several California appellate court decisions that have denied judicial notice of legislative history. (*Id.*) However, federal courts have taken judicial notice of legislative

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

| Case No. | CV 16-02572-BRO (AFMx) | Date | August 5, 2016 |
|---|---|---|---|
| Title | ULISES GARCIA ET AL. V. KAMALA HARRIS | | |

history that includes statements and papers that are not the collective intent of the Legislature. *See Rocky Mountain Farmers Union v. Goldstone*, 719 F. Supp. 2d 1170, 1186 (E.D. Cal. 2010) (taking judicial notice of a variety of legislative history, including statements, reports, and white papers). Moreover, this comports with Federal Rule of Evidence 201(b), as the Committee Analyses are part of the public record, and their accuracy cannot be questioned. Therefore, the Court **GRANTS** Defendant's request to take judicial notice of SB 707's legislative history.

## IV.   LEGAL STANDARD

Under Rule 8(a) a complaint must contain a "short and plain statement of the claim showing that the [plaintiff] is entitled to relief." Fed. R. Civ. P. 8(a). Otherwise, the defendant may move to dismiss it under Rule 12(b)(6). Fed. R. Civ. P. 12(b)(6). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation omitted). A claim is plausible on its face "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "Factual allegations must be enough to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Thus, there must be "more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S. at 678. "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility'" that the plaintiff is entitled to relief. *Id.* (quoting *Twombly*, 550 U.S. at 557). In ruling on a motion to dismiss for failure to state a claim, a court should consider the contents of the complaint and its attached exhibits, documents incorporated into the complaint by reference, and matters properly subject to judicial notice. *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322–23 (2007); *Lee*, 250 F.3d at 688.

Where a district court grants a motion to dismiss, it should provide leave to amend unless it is clear that the complaint could not be saved by any amendment. *Manzarek v. St. Paul Fire & Marine Ins. Co.*, 519 F.3d 1025, 1031 (9th Cir. 2008) ("Dismissal without leave to amend is improper unless it is clear, upon de novo review, that the complaint could not be saved by any amendment."). Leave to amend, however, "is properly denied . . . if amendment would be futile." *Carrico v. City & County of San Francisco*, 656 F.3d 1002, 1008 (9th Cir. 2011).

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

| Case No. | **CV 16-02572-BRO (AFMx)** | Date | August 5, 2016 |
| --- | --- | --- | --- |
| Title | **ULISES GARCIA ET AL. V. KAMALA HARRIS** | | |

## V.    DISCUSSION

The Equal Protection Clause of the Fourteenth Amendment ensures "that no State shall 'deny to any person within its jurisdiction the equal protection of the laws,' which is essentially a direction that all persons similarly situated should be treated alike." *City of Cleburne v. Cleburne Living Ctr.*, 473 U.S. 432, 439 (1985) (quoting *Plyler v. Doe*, 457 U.S. 202, 216 (1982)).  To sufficiently plead a violation of the Equal Protection Clause, a plaintiff must show that similarly situated groups have been treated disparately.  *See Ariz. Dream Act Coal. v. Brewer*, 757 F.3d 1053, 1064 (9th Cir. 2014).  Further, a plaintiff must demonstrate that the legislative classification does not survive the appropriate standard of scrutiny.  *See City of Cleburne*, 473 U.S. at 440–41.

### A.    Plaintiffs Have Established That Plaintiffs and Retired Peace Officers Are Similarly Situated Groups

"The first step in equal protection analysis is to identify the defendants' classification of groups."  *Freeman v. City of Santa Ana*, 68 F.3d 1180, 1187 (9th Cir. 1995) (alteration and citation omitted).  The plaintiff can do this by showing the law applies differently to different classes of people.  *Id.*  "Once the plaintiff establishes governmental classification, it is necessary to identify a 'similarly situated' class against which the plaintiff's class can be compared."  *Id.*  "The groups must be comprised of similarly situated persons so that the factor motivating the alleged discrimination can be identified."  *Thornton v. City of St. Helens*, 425 F.3d 1158, 1167 (9th Cir. 2005).  "The similarly situated group is the control group."  *Freeman*, 68 F.3d at 1187 (internal quotation marks omitted).  However, "[t]he groups need not be similar in all respects, but they must be similar in those respects relevant to the Defendants' policy."  *Ariz. Dream Act Coal. v. Brewer*, 757 F.3d 1053, 1064 (9th Cir. 2014).

Plaintiffs have established that the group they allege is subject to government classification is retired peace officers.  (Compl. ¶ 3.)  Defendant argues that Plaintiffs have failed to establish a "control group," i.e., a similarly situated class against which the Court may measure the treatment of retired peace officers.  (Mot. at 10–11.)  The Court disagrees.  In the Complaint, Individual Plaintiffs allege that they are private citizens who have been issued a concealed carry license pursuant to California's licensing scheme.  (*See* Opp'n at 7–8; Compl. ¶¶ 33, 40.)  Both Plaintiffs and retired peace officers may

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

| Case No. | CV 16-02572-BRO (AFMx) | | Date | August 5, 2016 |
|---|---|---|---|---|
| Title | ULISES GARCIA ET AL. V. KAMALA HARRIS | | | |

lawfully carry a concealed firearm for self-defense purposes, and neither group are active members of law enforcement that are required to carry concealed weapons for their occupation or for public safety. (*See* Compl. ¶¶ 33–36.) And yet the Act creates an exemption that allows retired peace officers to carry a concealed weapon on school property but does not create an exemption for Individual Plaintiffs. (*Id.*) This is a sufficient "control group."

Further, Defendant argues that the groups are not similarly situated because retired peace officers are not required to meet the same "good cause" standard as private citizens before being granted a concealed carry license. (*See* Reply at 9.) The standard they had to meet to obtain a concealed carry license, however, is not relevant to the determination and not enough to make the two classes dissimilar. *See Ariz. Dream Act Coal.*, 757 F.3d at 1064. Rather, the relevant distinction under the Act is that both groups are licensed to carry concealed weapons but are treated differently based on the retired peace officers' status as former members of law enforcement. Thus, the Court finds that the two groups are sufficiently similarly situated to establish an equal protection claim.

### B.      Rational Basis Scrutiny Applies

Next, the Court must determine what level of constitutional scrutiny to apply when analyzing the Retired Peace Officers Exemption. If a statute treats individuals differently based on a protected class (such as race or national origin) or infringes on a fundamental right, the statute must pass strict scrutiny; that is, it must be "suitably tailored to serve a compelling state interest." *City of Cleburne*, 473 U.S. at 440; *see also Zablocki v. Redhail*, 434 U.S. 374, 388 (1978) ("When a statutory classification significantly interferes with the exercise of a fundamental right, it cannot be upheld unless it is supported by sufficiently important state interests and is closely tailored to effectuate only those interests."). But "if a legislative act neither affects the exercise of a fundamental right, nor classifies persons based on protected characteristics, then the statute will be upheld 'if the classification drawn by the statute is rationally related to a legitimate state interest.'" *Silveira v. Lockyer*, 312 F.3d 1052, 1088 (9th Cir. 2002) (quoting *Schweiker v. Wilson*, 450 U.S. 221, 230 (1981), *abrogated on other grounds by District of Columbia v. Heller*, 554 U.S. 570 (2008). This is commonly referred to as rational basis scrutiny.

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

| Case No. | CV 16-02572-BRO (AFMx) | | Date | August 5, 2016 |
|---|---|---|---|---|
| Title | ULISES GARCIA ET AL. V. KAMALA HARRIS | | | |

Review of the Retired Peace Officer Exemption does not trigger heightened scrutiny. The only group the Act treats differently is retired peace officers based on their status as former law enforcements officers. Occupational status (former or current) is not a protected class. Additionally, the Act does not affect the exercise of a fundamental right.[2] Accordingly, the law need only be "rationally related to a legitimate state interest." *Id.* Rational basis scrutiny is a forgiving standard. "Under rational basis review, [Plaintiff's] claim must be rejected as long as 'there is any reasonably conceivable state of facts that could provide a rational basis' for the challenged law." *Merrifield v. Lockyer*, 547 F.3d 978, 989 (9th Cir. 2008) (quoting *FCC v. Beach Commc'n's, Inc.*, 508 U.S. 307, 313 (1993)). Generally, under rational basis review, "legislation is presumed to be valid." *City of Cleburne*, 473 U.S. at 439. The party challenging the statute bears the burden of establishing that there is no rational basis for the challenged distinction and to "negative every conceivable basis which might support it." *Heller v. Doe*, 509 U.S. 312, 320 (1993) (internal quotation marks omitted).

### C. Defendant Has Proffered a Legitimate Government Interest

Defendant argues that the Retired Peace Officer Exemption is reasonably related to a legitimate government interest: the protection and safety of retired peace officers.[3]

---

[2] To be clear, Plaintiffs' challenge to the Retired Peace Officer Exemption does not implicate the Second Amendment. The Act prevents the carrying of concealed weapons only on school property. (Compl. ¶ 25); *see* Cal. Penal Code § 626.9(b). As the United States Supreme Court explained in *Heller*, 554 U.S. at 626, the Second Amendment does not prevent "forbidding the carrying of firearms in sensitive places such as schools and government buildings." *See also McDonald v. City of Chicago*, 561 U.S. 742, 786 (2010) ("We made it clear in *Heller* that our holding did not cast doubt on such longstanding regulatory measures as . . . 'laws forbidding the carrying of firearms in sensitive places such as schools . . .'"). Therefore, the Act does not implicate the Second Amendment by forbidding members of the general public from carrying a firearm on school property.

[3] This is indicated by a letter from the Sacramento County Sheriff's Association sent to the California Legislature which explained that the removal of the Retired Peace Officer Exemption from the Act would jeopardize the safety of retired peace officers. (Mot. at 15.) Plaintiffs argue that because this letter was not part of the Legislature's collective intent and represents only the opinion of one entity it is not subject to judicial notice. (Obj. to RJN ¶¶ 1–2.) However, the Court found the entire legislative history of SB 707 was properly subject to judicial notice. (*See supra* Section III.) Further, the Court "must attempt to identify *any* hypothetical rational basis for the exception, whether or not that reason is in the legislative record." *Silveira*, 312 F.3d at 1090. The letter from the Sacramento County Sheriff's

| Case No. | CV 16-02572-BRO (AFMx) | Date | August 5, 2016 |
|----------|------------------------|------|----------------|
| Title | ULISES GARCIA ET AL. V. KAMALA HARRIS | | |

(Mot. at 15.)  Other courts have noted that the protection and safety of retired peace officers may be considered a rational reason on which to differentiate for purposes of carrying a firearm.  *See Nichols v. Brown*, No. CV 11-09916 SJO (SS), 2013 WL 3368922, at *6 (C.D. Cal. July 3, 2013) (addressing a challenge to a California statute which treated retired peace officers differently than other citizens and noting that "the California Legislature could have reasonably believed that certain groups, such as retired police officers, were in greater need of self-protection and thus should be allowed to openly carry a firearm"); *see also Mehl* Order at 11 (explaining that allowing retired peace officers to carry a concealed weapon is rationally related to a legitimate government interest, namely "to protect themselves from the enemies they have made in performing their duties").  Accordingly, the Court finds that the protection of retired peace officers is a legitimate government interest.

## D.  The Retired Peace Officer Exemption is Rationally Related to Defendant's Proffered Legitimate State Interest

Next, the Court must determine whether the Retired Peace Officer Exemption is rationally related to Defendant's proffered government interest.  Plaintiffs argue that the Ninth Circuit's decision in *Silveira* controls the Court's decision and establishes that there is no rational relation.  (*See* Opp'n at 14.)  The Court disagrees, however, and finds that *Silveira* is inapposite.

In *Silveira*, the Ninth Circuit addressed California's Roberti-Roos Assault Weapons Control Act (the "ACWA") which effectively created a ban on the possession of assault weapons by private individuals.  *See Silveira*, 312 F.3d at 1059.  But the ACWA created (among other various exceptions) two exceptions for peace officers: first, it allowed active peace officers to possess assault weapons while off-duty; and second, it permitted retired peace officers to purchase and possess assault weapons if they acquired them from their employers at the time of their retirement.  *See id.*  The court upheld the exception for off-duty active peace officers, but found that the exception for retired peace

---

Association makes clear that the safety of retired peace officers was at the very least a possible consideration behind keeping the Retired Peace Office Exemption in the Act.  Accordingly, the Court could consider whether retired peace officers' need for self-defense is a legitimate interest, even if the letter was not properly subject to judicial notice.

### UNITED STATES DISTRICT COURT
### CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES – GENERAL

| Case No. | CV 16-02572-BRO (AFMx) | Date | August 5, 2016 |
|---|---|---|---|
| Title | ULISES GARCIA ET AL. V. KAMALA HARRIS | | |

officers violated the Equal Protection Clause. *Id.* at 1089–90. The court explained that the statutory purpose of the ACWA was to protect public safety, and thus the exception for allowing off-duty peace officers to carry assault weapons was reasonable, as "off-duty officers may find themselves compelled to perform law enforcement functions in various circumstances" that would require them to "have their weapons readily available." *Id.* at 1089. But for retired peace officers, there was no expectation that they would be required to act to protect the public, and so there was "no legitimate state interest in permitting retired peace officers to possess and use for their personal pleasure military-style weapons." *Id.* at 1090–91. Even after examining whether "*any* reasonable theory could support the legislative classification," the court found the retired officer exception did not pass rational basis scrutiny. *Id.* at 1091.

Plaintiffs argue that *Silveira* indicates that to pass rational basis scrutiny, the government's classification must be rationally related not only to a legitimate government interest, but also to the purpose of the underlying statute. (*See* Opp'n at 10–11.) Plaintiffs reading of *Silveira* is overbroad. Rational basis does not require the government's purpose for the classification have a connection to the underlying statute, though a court may take any such connection (or lack thereof) into consideration. *See Romer v. Evans*, 517 U.S. 620, 631–32 (1996) (explaining that the court will uphold a statute under rational basis review so long as a classification "bears a rational relation to some legitimate end," but that searching for the relation "between the classification adopted and the object to be obtained" can give "substance to the Equal Protection Clause" and provide "guidance and discipline for the legislature"). In *Silveira*, the court noted that it is the court's "duty to scrutinize the connection, if any, between the goal of a legislative act and the way in which individuals are classified in order to achieve that goal." *Silveira*, 312 F.3d at 1088. But the "general rule" is that legislation will be sustained so long as "the classification drawn by the statute is rationally related to a legitimate state interest." *City of Cleburne*, 473 U.S. at 439. Thus, while in *Silveira* the court observed that allowing retired peace officers access to assault weapons was "wholly contrary to the legislature's stated reasons for enacting restrictions on assault weapons," this observation was not dispositive; rather, the court found that the ACWA's retired officer exception was unconstitutional because there was not even a "hypothetical rational basis" for granting retired peace officers access to assault weapons. *See Silveira*, 312 F.3d at 1090–91. In this case, the Court need not scrutinize the connection between

JS-6

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES – GENERAL

| Case No. | CV 16-02572-BRO (AFMx) | | Date | August 5, 2016 |
|---|---|---|---|---|
| Title | ULISES GARCIA ET AL. V. KAMALA HARRIS | | | |

the purpose of the Act and the Retired Peace Officer Exemption, because it finds that the Exemption is rationally related to a legitimate state interest.

Further, *Silveira*'s holding that there is no rational basis for permitting retired peace officers access to assault weapons does not control the outcome here. *Silveira* regarded the possession and use of assault weapons for personal and recreational purposes, not the right to carry a lawful concealed weapon for self-defense. There is a distinct difference between allowing access to assault weapons and allowing the carrying of otherwise lawful concealed weapons. *See Mehl* Order, at 11 ("Therefore, there is a rational basis for allowing a retired officer to continue to carry a concealed weapon, even though there was no rational basis for allowing the same officer to keep an assault weapon."). Thus, there is a distinct difference in finding a rational basis for allowing retired peace officers to carry concealed weapons than to find a basis for granting them access to assault weapons.

Unlike in *Silveira*, where the proffered government interest was one of public protection, the government interest here is one of private protection and self-defense. Retired peace officers have a unique role in our society as they, as members of law enforcement, dealt with a wide array of people and participated in situations in which they may create enemies or interact with those who wish them harm. Because of these interactions, retired peace officers have an interest in protecting themselves by carrying a concealed weapon for self-defense even after their public service has ended. This need for self-protection does not disappear simply because the retired peace officer is within 1,000 feet of a school. Therefore, allowing retired peace officers an exemption from the general ban of carrying concealed weapons on school property is rationally related to the legitimate state interest of ensuring their protection.

Accordingly, Defendant has established that the Retired Peace Officer Exemption is reasonably related to a legitimate state interest.

### E.      Plaintiffs Do Not Establish a Valid Claim for Equal Protection Based on Improper Treatment of a Politically Unpopular Class

Plaintiffs also argue that the Retired Peace Officer Exemption violates the Equal Protection Clause because the California Legislature only created the Exemption "for the

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

| Case No. | CV 16-02572-BRO (AFMx) | Date | August 5, 2016 |
|---|---|---|---|
| Title | ULISES GARCIA ET AL. V. KAMALA HARRIS | | |

improper purpose of favoring a politically powerful group and to disfavor a politically unpopular one." (Opp'n at 16.) According to Plaintiffs, the Retired Peace Officers Exemption is the result of significant lobbying efforts by retired peace officers seeking deferential treatment for their constituents. (Opp'n at 16–17.) Plaintiffs contend that "civilian gun owners are unpopular with the California Legislature" and that because the Act favors a more powerful political group (i.e., retired peace officers), they have established a valid equal protection claim. (Opp'n at 18.)

The Court disagrees. In the case on which Plaintiffs rely, *United States Department of Agriculture v. Moreno*, 413 U.S. 528, 534 (1973), there was evidence in the legislative history that there was "a bare congressional desire to harm a politically unpopular group." In that case, Congress had created a statutory classification that households comprised of only related persons versus households comprised of one or more unrelated persons would be treated differently under the food stamp program. *Moreno*, 413 U.S. at 533–34. The legislative history explicitly indicated that the purpose behind this classification was "to prevent socalled 'hippies' and 'hippie communes' from participating." *Id.* at 534. The legislative history of the Act here does not indicate that the California Legislature was trying to prejudice civilian firearm owners when it retained the Retired Peace Officers Exemption. Absent evidence of explicit legislative intent to cause harm to civilian gun owners, Plaintiffs cannot establish a violation of the Equal Protection Clause under this theory.

Thus, Plaintiffs have failed to state a viable claim for a violation of the Equal Protection Clause and the Court need not address Defendant's argument regarding the Organizational Plaintiffs' standing.

## VI.   CONCLUSION

Plaintiffs' claim that the Retired Peace Officer Exemption is unconstitutional under the Equal Protection Clause cannot be cured by amendment because so long as the government has an interest in protecting retired peace officers, it will survive rational basis scrutiny. Further, as the legislative history of the Act has already been judicially noticed and it includes no evidence of legislative intent to harm civilian California firearm owners, it appears that allowing Plaintiffs to amend the Complaint regarding its claim of improper treatment of a politically unpopular class would also be futile.

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

| Case No. | CV 16-02572-BRO (AFMx) | Date | August 5, 2016 |
|---|---|---|---|
| Title | **ULISES GARCIA ET AL. V. KAMALA HARRIS** | | |

Accordingly, for the foregoing reasons, Defendant's Motion to Dismiss is **GRANTED with prejudice**.  The hearing scheduled for August 8, 2016, is hereby **VACATED**.

      **IT IS SO ORDERED.**

| | : |
|---|---|
| Initials of Preparer | ah |

**CERTIFICATE OF SERVICE**

Case No. 2:16-cv-02572-BRO-AFM

I hereby certify that on August 8, 2016 I electronically filed the following document with the Clerk of the Court for the United States Central District of California by using the CM/ECF system:

**PLAINTIFFS' NOTICE OF APPEAL AND REPRESENTATION STATEMENT**

I certify that all participants in the case are registered CM/ECF users and that service will be accomplished by the CM/ECF system.

/s/ <u>Kelly Rosenbery</u>